# FRITZ v. THE STATE.

CRIMINAL LAW.—*Former Conviction.*—*Affray.*—*Assault and Battery.*—A person, after having been convicted of an affray, before a court of competent jurisdiction, cannot, for the same act that gave rise to such prosecution, be convicted of an assault and battery; and this rule applies, although the affidavit upon which the conviction for the affray was had may have been defective.

SAME.—Where the State prosecutes and convicts for the affray, she assumes that the act or acts committed constituted that offence; and having had the conviction, she cannot be heard to say that the same act or acts constituted another and different misdemeanor, and obtain another conviction therefor.

APPEAL from the Wayne Criminal Court.

WORDEN, J.—The appellant was indicted in the court below for an assault and battery upon one Lindley Pierce, with intent to murder him, and, upon trial, was convicted of the assault and battery charged, but acquitted of the felony.

The defendant moved for a new trial, on the ground that the verdict was contrary to the evidence, and that the court erred in giving and refusing certain specified charges. The motion was overruled and exception taken.

On the trial, the defendant gave in evidence the record of a conviction of the defendant of an affray, before a justice of the peace of the same county, and it was admitted that such conviction was for the same transaction as that on which the indictment was based. The affidavit, on which the proceedings before the justice were had, was as follows:

"Be it remembered, that on the 27th day of November, 1871, personally appeared William Brown, of lawful age, and being by me duly sworn, on his oath deposes and says, that on or about the 25th day of November, 1871, at said county of Wayne, in the State of Indiana, one Albert Fritz did fight one Lindley M. Pierce, by agreement, in a public place, in the Melodeon Hall, in Hagerstown, in said county of Wayne, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.    [Signed.]    WILLIAM BROWN.

"Subscribed and sworn to before me, this 27th day of November, 1871.             J. W. BALDWIN, J. P."

On this affidavit the justice issued his warrant for the arrest of Fritz, who, upon being brought in, pleaded guilty to the charge, and the justice, after hearing evidence in the cause, entered a judgment against the defendant that he pay a fine of five dollars, and the costs therein, and that he stand committed until such fine and costs were paid or replevied.

The court gave the following charge, amongst others, which is one of the charges pointed out, in the motion for a new trial, as being erroneous:

"But even if the defendant was charged before the justice for an affray, and pleaded guilty, and was fined, it will be no bar in this case, if the jury believe from the evidence, beyond a reasonable doubt, that the defendant was guilty of an assault and battery, and the jury should convict."

The following charge, asked by the defendant, was refused; the refusal of which was also pointed out as ground for a new trial:

"If, from the evidence in this case, you believe that the defendant has been tried by a justice of the peace of the county, and convicted of the offence known as an affray, and that such proceedings thereon were untainted with fraud, and that the penalty thus imposed upon said defendant by such justice was for the same act for which he now stands charged, you should find the defendant not guilty, unless you believe from the evidence, beyond a reasonable doubt, that the defendant, when he gave the blow, intended to commit murder, in either the first or second degree, as defined in the statute."

Assuming that the affidavit on which the conviction was had before the justice of the peace contained a valid charge of an affray, the question is fairly presented whether a person, after having been convicted of an affray before a court of competent jurisdiction, can be convicted of an assault and battery for the same act as gave rise to his conviction of the affray. If he can, the constitutional provision, that "no person shall be put in jeopardy twice for the same offence," is, in some measure, a dead letter, and fails to afford the protection to the citizen which, as has been supposed, was intended by the authors of that provision. The offences are both misdemeanors, and without consulting adjudications on the subject, we have no hesitation in holding that a valid conviction for an affray bars a prosecution for an assault and battery based upon the same transaction. When the State prosecutes and convicts for the affray, she assumes that the act or acts committed by the defendant constituted that offence; and having had the conviction, she cannot be heard

to say that the same act or acts constituted another and different misdemeanor, and obtain another conviction therefor.

An affray is defined by the statute, and the punishment prescribed therefor, as follows:

"If two or more persons by agreement, fight in any public place, the person so offending shall be deemed guilty of an affray; be fined not exceeding twenty dollars, or imprisoned not exceeding five days each." 2 G. & H. 459, sec. 6. A justice of the peace has jurisdiction of the offence. 2 G. & H. 636, sec. 3.

It may be that the affidavit in question was defective, in not stating that the defendant and Pierce fought by agreement. It charges that the defendant fought Pierce by agreement, but whether Pierce took any part in the combat does not appear, except by inference.

Assuming, without deciding, that the affidavit was bad, and should have been quashed on motion, we are led to inquire whether a conviction on an insufficient indictment or charge is not a bar to a subsequent prosecution for the same act or acts. On this point we have been furnished with an able argument by the learned counsel for the appellant, containing a citation of numerous authorities, which has materially abridged our labors, and aided us in arriving at the proper solution of the question.

In the old case of *Regina* v. *William Vaux*, reported in 4 Coke, 44, it is held, that "if one, upon an insufficient indictment of felony has judgment, *quod suspend' per coll'* and so attainted, which is the judgment and end which the law has appointed for the felony, there he cannot be again indicted and arraigned until this judgment is reversed by error; but when the offender is discharged upon an insufficient indictment, there the law has not had its end, nor is the life of the party, in the judgment of the law, ever in jeopardy." Hence, it is laid down in 2 Hale P. C. 248, that if one "had been attainted upon this insufficient indictment and judgment given, he should not have been *auterfoits arraigne* upon a new indictment for the same offence, unless the

former judgment had been first reversed." The reason given is, that the judgment upon an acquittal is only *quod eat sine die*, which may be upon the defect in the indictment, which the judges are bound to look into, and it shall be supposed that it was given upon that defect, and not upon the verdict, for the judgment is the same in both; but the judgment upon a conviction is, *quod suspendatur*, which is all the judgment that can be given.

We quote the following passage from a note in 2 Ben. & H. Lead. Cas. 554: "But if, on the other hand, judgment has been given, and the sentence performed, upon a complaint or indictment so defective that judgment might have been arrested or reversed, this is a waiver by the defendant of all errors therein, and a second prosecution for the same offence cannot be sustained. The former conviction in such case is not entirely void, but merely voidable. If the defendant does not seek to reverse it, but acquiesces and performs the penalty, it is clear he is not again liable."

A standard author says: "When the indictment is in form so defective, that, supposing the defendant to be found guilty by the jury, he will still be entitled to have any judgment which may be entered of record against him reversed, he is not in jeopardy; and, if acquitted, is liable to be tried on a new and valid indictment. In such a case, however, if the jury convict the defendant, and the court enters judgment on the verdict of guilty, he will be protected while the judgment remains unreversed; not because he has been in jeopardy, but because of a general and very important principle of the law, that an erroneous final judgment, rendered by a competent tribunal having jurisdiction over the subject-matter, is voidable only, and, while it stands, is of the same effect as a valid one." 1 Bishop Crim. Law, sec. 862.

The case of *Commonwealth* v. *Loud*, 3 Met. 328, is exactly in point. The defendant had been convicted of larceny before a magistrate, but on a defective complaint, and this conviction was held to be a good bar to a subsequent indictment. The court say: "Now the judgment that the defendant was

guilty, although upon proceedings which were erroneous, is good until the same be reversed. * * * It was the right and privilege of the defendant to bring a writ of error, and reverse that judgment; * * * but he might well waive the error and submit to and perform the judgment and sentence, without danger of being subjected to another conviction and punishment for the same offence."

We are of opinion, in view of the authorities, that the conviction before the justice, although the affidavit may have been defective, was a bar to any subsequent prosecution for an affray, or for an assault and battery, founded on the same transaction.

It follows that the charge asked should have been given, and the one given should have been refused. Besides this, the evidence given of the former conviction entitled the defendant to an acquittal of the assault and battery, unless he was guilty of the felony.

The judgment below is reversed, and the cause remanded for a new trial.

*W. A. Peelle*, *W. W. Woods*, and *H. C. Fox*, for appellant.

*D. W. Mason*, and *B. W. Hanna*, Attorney General, for the State.