## THE STATE *v.* GEORGE.

CRIMINAL LAW.—*Previous Conviction.—Justice of the Peace.*—Where a person made an affidavit before a justice of the peace, charging another person, though defectively, with the commission of an assault and battery, and said justice thereupon issued a warrant for the arrest of the accused, who appeared before the justice and was thereupon tried and convicted of said offence, such conviction, remaining in force, (said justice having thus had jurisdiction of the subject-matter and of the person of the defendant) was a bar to a subsequent prosecution of said defendant on a charge of assault and battery growing out of the same act, however irregular the proceeding before said justice may have been, in that the person injured was not present at said trial, and no process was issued for him.

From the Grant Circuit Court.

*C. A. Buskirk*, Attorney General, and *A. Moore*, Prosecuting Attorney, for the State.

*G. T. B. Carr*, for appellee.

WORDEN, C. J.—Columbus George was indicted in the court below for an assault and battery upon the person of Joseph Bartlett, with intent to murder him, and upon trial

was acquitted. The State reserved some questions of law for the decision of this court, and brings the record here for that purpose.

On the trial, the defendant offered in evidence the record of his former conviction of an assault and battery upon said Bartlett, before a justice of the peace of the county, and also the affidavit on which that conviction was founded. This evidence was objected to by the State, but the objection was overruled and exception taken.

The affidavit is as follows:

"State of Indiana, Grant county, ss:

"Before me, John G. King, a justice of the peace in and for said county, comes now Oscar George, and being first duly sworn, upon his oath says, that on or about the 7th day of November, 1875, at said county of Grant, in the State of Indiana, as affiant very believes, one Columbus George did then and there unlawfully commit an assault and battery upon the persons of George Havens and Joseph Bartlett, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.                                    OSCAR GEORGE.

"Subscribed and sworn to before me, this 8th day of November, 1875.                         JNO. G. KING, J. P."

The following is the justice's record in the cause:

"State of Indiana v. Columbus George. Complaint, assault and battery. November 8th, 1875. This day came Oscar George, and files his affidavit charging the defendant with the crime of assault and battery; whereupon I issued a warrant against the defendant; and defendant appears and pleads guilty to the charge, and Oscar George and Columbus George sworn and examined as witnesses for the defendant; and after hearing all the evidence in the case, it seems to me he is guilty as charged. It is, therefore, considered by the court that the State of Indiana recover of the defendant the sum of three dollars, with costs, and all accruing costs, and that he stand committed until the fine and costs are paid or replevied.              JNO. G. KING, J. P.

"November 8th, 1875, received of Columbus George, five dollars and twenty-five cents, in full of the above fine and costs.          JNO. G. KING, J. P."

It was shown by the justice, that no subpœna was issued for either Bartlett or Havens, the persons alleged to have been assaulted and beaten; nor was either of those persons present at the trial. The justice stated that he did not think that they or the deputy prosecuting attorney of Grant county knew anything about the trial, until it was over, and the State was not represented by counsel. He also stated that the offence for which the defendant was tried before him was the same as that for which he was then on trial in the circuit court.

The court charged the jury as follows:

"In this case, the defendant offers evidence to show that he has already been convicted for the same offence, or for an offence growing out of the same act for which he is now on trial. If you acquit the defendant of the felonious intent charged in the indictment, and think him guilty only of an assault and battery, you must then consider whether he has not already been once tried for that grade of offence. If he was so tried, he must be acquitted of that offence here, no matter whether the prosecuting attorney or the injured party, or either of them, had notice of said trial or not, even if the injured party was not served with process, or even if the justice of the peace trying the cause did not issue any process at all for him, or even if such injured parties or either of them had no notice whatever by process or otherwise of the pendency of the action. If no process was issued for either of the injured parties, or if none was served upon them, such omissions are those of the justice of the peace, for which the defendant can in no way be held accountable; and if he was once so tried by such justice of the peace, it was a valid trial, and a good bar to another prosecution for an offence based upon the same act."

It is claimed by the State, that, conceding the defendant to have been innocent of the felonious intent charged, and

therefore entitled to an acquittal thereof, the conviction of the assault and battery before the justice was no bar to the prosecution for the assault and battery charged in the indictment, conceding, also, that the two charges involved the same and no different transaction.

It is insisted, therefore, that the instruction to the jury was wrong. It is urged that the conviction before the justice was no bar, because the persons assaulted and beaten were not present as witnesses, nor was any subpœna issued for them to appear before the justice to testify as witnesses.

Whether or not the conviction before the justice was a bar to the simple assault and battery charged in the indictment, must depend upon the question whether the justice had jurisdiction of the person of the defendant in that prosecution and of the subject-matter; for if he had such jurisdiction, so that the judgment was binding upon the defendant therein, until appealed from or in some way set aside, it was doubtless a good bar to another prosecution for the same offence, however irregular the proceedings may have been before the justice.

The justice had jurisdiction of the offence of assault and battery. 2 R. S. 1876, p. 459, sec. 7; p. 669, sec. 3; p. 670, secs. 5, 7.

An act approved February 7th, 1855, 2 R. S. 1876, p. 668, provides, "that no justice of the peace shall hear or determine any complaint for assault and battery, or assault, unless the injured party be present as a witness, or having been subpœnaed refuse to attend, or unless a subpœna issued for the injured party shall have been returned 'not found' by the proper officer; and no trial shall be had upon a complaint for an affray unless some person who saw the same shall be present as a witness, or having been subpœnaed refuse to attend."

An affidavit was made before the justice, charging the defendant with the assault and battery. This gave the justice jurisdiction of the offence, and made it his duty to issue his warrant for the arrest of the defendant, which he did.

Whether the defendant was actually arrested upon the warrant does not appear, but he appeared to the prosecution, and this gave the justice jurisdiction over the person of the defendant.   So the justice had jurisdiction of the person and the subject-matter.

It follows that the judgment of the justice, unless appealed from or set aside, was a valid, though it may have been an erroneous judgment.   It seems to us to be clear that if the justice had committed the defendant to jail in default of his paying or replevying the judgment, he would not have been a trespasser in so doing, which he would be if the judgment were void.   The omission of the justice to issue a subpoena for the injured party, and entering upon the trial in his absence, were irregular, and in violation of the duty of the justice; but these irregularities did not go to his jurisdiction, or render the judgment void.   We think, therefore, that the court committed no error in the charge.

The affidavit before the justice was probably bad, for charging the " assault and battery " in general terms, without setting out the acts constituting the offence.   But a conviction on a bad indictment or affidavit, as long as the same remains in force, is a good bar to a subsequent prosecution for the same offence.   *Fritz* v. *The State*, 40 Ind. 18.

There is no error in the record.