## GREENWOOD v. THE STATE.

CRIMINAL LAW.—*Evidence.—Time.*—Evidence which, though silent as to the year, fixes the time of the commission of an alleged offence on the day

and month specified in the affidavit, information or indictment, is sufficient as to the time

SAME.—*Assault and Battery.—Former Conviction.—Riot.*—A valid conviction of a defendant for an assault and battery upon one person is no bar to a prosecution for an assault and battery committed by the defendant upon another person, at the same time and place, during the continuance of a fight in which the defendant and others had engaged.

From the Steuben Circuit Court.

*L. J. Blair*, for appellant.

*T. W. Woollen*, Attorney General, and *J. W. Bixler*, Prosecuting Attorney, for the State.

PERKINS, J.—Prosecution by information, of Jay Greenwood, in the Steuben Circuit Court, for an assault and battery, committed, as charged in the information, on the 1st. day of January, 1879, in the county of Steuben, Indiana, upon the body of one John W. Griffith.

Trial, conviction, and a fine of three dollars imposed upon the appellant. A motion for a new trial, for the reason that the judgment was not sustained by the evidence, was overruled.

There was evidence tending to show that appellant committed the offence charged, upon John W. Griffith. A witness, Ora Swift, testified: "I am acquainted with defendant, Jay Greenwood. I was at Hamilton, Steuben county, Indiana, on the night of January the first, at a dance. I was leader of the band. We were playing for the dance, at that time and place. William Latson was there and got noisy. They undertook to take him down stairs. The crowd got excited, among others the defendant. I tried to stop the fuss; asked John W. Griffith [a constable] to stop the disturbance. He went up to Jay Greenwood, and asked him to go down stairs; thought he, Greenwood, struck Griffith; am certain he did strike him; think he hit him on the head."

The defendant offered and read in evidence the following transcript:

"STATE OF INDIANA, ⎰ ss
"STEUBEN COUNTY. ⎱

"John W. Rogers, being duly sworn, says, that on or about the first day of January, 1879, at the county of Steuben, and State of Indiana, Jay Greenwood, in a rude, insolent and angry manner, did then and there unlawfully touch, beat and wound one Frank Kelly, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

"JOHN W. ROGERS."

Duly sworn to.

"State of Indiana v. Jay Greenwood.

"The defendant in the above entitled cause voluntarily appeared, and waived issuance of a warrant, and submitted to the jurisdiction of the court. The case therefore being duly called, the defendant, then being present, waived arraignment, and for plea says he is guilty as charged in the affidavit herein. It is therefore considered and adjudged by the court, after a due examination of the defendant under oath, that I assess the fine at two dollars and costs, and that the defendant stand committed till the fine and costs are paid; therefore, after the defendant's hearing the decision of the court on the judgment, the defendant paid the above fine and costs in full, and was discharged.            D. N. E. BROWN, J. P. [seal.]"

The transcript of this judgment was duly certified.

It was agreed that the case stated in said transcript was the assault and battery on Frank Kelly, spoken of by the witnesses who testified in this case of The State v. Jay Greenwood.

The errors assigned are:

1. That the court erred in overruling the motion for a new trial; and,

2. In overruling the motion in arrest of judgment.

The record does not show that a motion in arrest of judgment was made.

The appellant makes two points on which he relies for the reversal of the judgment.

1. That the evidence does not show the date of the commission of the offence charged.

We may say right here that this error is not well assigned.

2. That the record of the conviction of the appellant for an assault and battery on Frank Kelly was a bar to his subsequent prosecution for an assault and battery, committed during the same evening, at the same ball, on John W. Griffith.

In *Wininger* v. *The State*, 13 Ind. 540, it is decided, that, when the gravamen of a riot consists in the commission of an assault and battery, a prosecution and conviction, unreversed, for the assault and battery, will be a bar to a prosecution of the same defendant, on a charge ' of a riot, ' for the same assault and battery. And in *Fritz* v. *The State*, 40 Ind. 18, where two persons fought by agreement, and one of the parties was prosecuted for his participation in the affair, charged as an affray, in a court of competent jurisdiction, it was held that such conviction was a bar to a subsequent prosecution for the same act; charged as an assault and battery; and this, though the affidavit upon which he was convicted of the affray was defective. See, also, *The State* v. *George*, 53 Ind. 434.

But such is not the question presented in this case. The question here is: Can a person, during the same evening, at a ball, commit a separate assault and battery upon each of two individuals? The evidence tends to show that, as matter of fact simply, it was done in this case. But the appellant claims that how many soever of assaults and batteries he may have committed during the period of excitement at the ball, they all amounted in law to but one offence, and that therefore the first fine inflicted for that offence, viz., that by justice Brown, for the assault and bat-

tery on Frank Kelly, was a bar to all subsequent prosecutions for assault and battery committed during the period of excitement before mentioned.

We can not concur in this view. We think appellant might be prosecuted for each separate assault and battery. In this view, the question whether the conviction of the appellant for the assault and battery upon Frank Kelly, before justice Brown, was void or valid, is immaterial.

The judgment is affirmed, with costs.