No. 10,592.

SMITH *v.* THE STATE.

CRIMINAL LAW.—*Affidavit and Information.—Unlawful Conversion of Estray Property.*—Where an affidavit and information contain a good and sufficient charge of the unlawful conversion of estray property, before the title thereto had vested in the defendant, they will not be held bad, on a motion to quash, merely because they contain other matter not sufficient to constitute a charge of another public offence, which may properly be regarded as surplusage.

SAME.—*Pleading.—Language of Statute.*—In criminal pleading, as a general rule, it is sufficient to charge the offence, whether in an affidavit, information or indictment, in the language of the statute defining the offence.

SAME.—*Former Acquittal.—Sufficiency of Plea.*—If it appear that the same evidence will be required to secure a conviction in a pending, as in a former, prosecution, a plea of former acquittal, if sufficient in form, is a complete bar to the pending prosecution.

From the Pulaski Circuit Court.

*G. Burson* and *W. Spangler,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

HOWK, J.—This was a prosecution by affidavit and information, against the appellant, for an alleged violation of the provisions of section 50 of the misdemeanor act of June 14th, 1852 (section 2157, R. S. 1881), concerning the unlawful appropriation of estray property. The appellant's motion to

quash the affidavit and information having been overruled by the court, and his exception saved, he filed a special plea in bar of the prosecution. The State, by its attorney, demurred to this special plea, for the alleged insufficiency of the facts therein to constitute a defence; which demurrer was sustained by the court, and the appellant excepted to this ruling. Upon his plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding him guilty as charged, and assessing his punishment at a fine in the sum of $16; and the court rendered judgment on the verdict.

The following decisions of the trial court are assigned as errors by the appellant:

1. In overruling his motion to quash the affidavit and information; and,

2. In sustaining the State's demurrer to his special plea in bar.

In the affidavit and information it was charged, in substance, that on the 24th day of August, 1880, in Indian Creek township, at Pulaski county, the appellant took up, as estrays, one white male hog of the value of $8, and one white female hog of the value of $8; also, four white shoats, each of the value of $4, and all of the aggregate value of $32, the property of one Jacob March; that the appellant afterwards, on or about the 20th day of November, 1880, at said county, unlawfully converted said hogs and shoats to his own use, before the title thereof had vested in him, according to law, by then and there unlawfully killing and butchering and putting down, for his own use, said hogs and shoats, and by then and there having unlawfully failed and neglected to advertise the taking up of said hogs and shoats in writing, in three of the most public places in said township, where said hogs and shoats were taken up by the appellant, as Jacob March had complained on oath, contrary to the form of the statute, etc.

The offence charged, or intended to be charged, against the appellant, was defined and its punishment prescribed in section 50 of the misdemeanor act of June 14th, 1852, in force

at the time of the alleged commission of the offence. This section provided as follows :

" If the taker up of estray property, shall suffer the same to be taken out of the county for more than three days at a time, or shall convert the same to his own use before the title thereto shall vest in him according to law, or, if he or any officer shall knowingly and wilfully violate any of the provisions of the law regulating the taking up of estrays, such person or such officer shall be fined not exceeding one hundred dollars or imprisoned not exceeding six months." 2 R. S. 1876, p. 475.

This section was re-enacted without change, except as to the punishment prescribed, as section 245 of the public offence act of April 14th, 1881, which latter section is section 2157 of R. S. 1881.

In the affidavit and information, in this case, the appellant is charged with the commission of two of the offences defined in the statute, namely : 1. The unlawful conversion to his own use of the estray property, before the title thereto had been vested in him according to law ; and, 2. It was intended and attempted to charge that he knowingly and wilfully violated the provisions of the estray law, in regard to advertising the taking up of the estray property. It may be doubted whether the statements in the affidavit and information were or were not sufficient to charge that the appellant, knowingly and wilfully, violated the provisions of the estray law, in relation to advertising the taking up of the estray property ; but, if they were not sufficient, they may well be regarded as mere surplusage, and would not vitiate the affidavit and information if they were otherwise good. It is certain, we think, that they contained a good and sufficient charge, against the appellant, of his unlawful conversion to his own use of the estray property, before the title thereto had vested in him according to law. The charge is made substantially in the language of the statute defining the offence, and, as a general rule, this is sufficient. *State* v. *Bougher*, 3 Blackf. 307 ; *Malone* v. *State*, 14

Ind. 219; *Adell* v. *State*, 34 Ind. 543.   We know of no reason why a different rule should be applied to the statement of the offence, in the affidavit and information, in the case at bar.

The appellant's counsel have cited the case of *Greene* v. *State*, 79 Ind. 537, and insist with much earnestness that it is decisive of the question under consideration, in favor of the appellant.   We do not think, however, that the case cited is in point here.   In that case the indictment charged that the defendant unlawfully took up five estray sheep, and unlawfully converted the same to his own use; and it was held that the indictment did not charge an offence under the statute.   In delivering the opinion of the court ELLIOTT, C. J., said: "It is very clear that the provision concerning the unlawful conversion of estray animals does not cover cases of an illegal taking up.   The provision under immediate mention refers to cases where, by due process of law, the title may vest in the person taking up the estray.   The phrase, 'before the title thereto shall vest in him according to law,' implies that the taker up may acquire title by conforming to, and proceeding in accordance with, the provisions of the estray law.   It can not refer to cases where the animal is unlawfully taken up, for the reason that such person can not acquire title."

In the case now before us it is not charged that the taking up was unlawful, and, in the absence of such charge, it may be assumed that the taking up was, as it might have been, in strict accordance with the provisions of the estray law.   The court did not err, we think, in overruling the motion to quash the affidavit and information.

In his special plea the appellant averred, in substance, that at the March term, 1882, of the court below, upon an indictment duly returned at its preceding January term, predicated upon the same facts mentioned in the affidavit and information in this case, and charging him with the larceny of the same hogs and shoats, the appellant had been duly tried for such larceny, and acquitted and discharged.   Conceding that the averments of this plea were sufficient in form to constitute

a good plea of former acquittal, which may well be doubted, the question remains, were the facts relied upon sufficient in substance to constitute a bar to this prosecution? It is very clear, we think, that this question must be answered in the negative. The true test to determine the sufficiency or insufficiency of a plea of former acquittal as a bar to the pending prosecution, is this: would the same evidence be necessary to secure a conviction in the pending, as in the former, prosecution? If it would be, then the plea of former acquittal would be a complete bar to the pending prosecution; otherwise, the plea would not be sufficient. *State* v. *Warner*, 14 Ind. 572, and *note; State* v. *Elder*, 65 Ind. 282 (32 Am. R. 69); *State* v. *Hattabough*, 66 Ind. 223.

It is manifest that the evidence necessary to secure the appellant's conviction in the pending prosecution would not have justified his conviction of the larceny charged in the former case. His plea of former acquittal, therefore, was clearly insufficient.

We have found no error in the record requiring the reversal of the judgment.

The judgment is affirmed, with costs.