No. 12,009.

DAVIDSON v. THE STATE.

CRIMINAL LAW.—*Former Conviction.*—Conviction for "unlawfully carrying a dangerous weapon" is no bar to a prosecution for any crime.

SAME.—*Carrying Dangerous Weapon.*—Conviction for a violation of section 1985, R. S. 1881 (carrying a deadly weapon concealed or openly with intent to injure another), is no bar to a prosecution for violation of section 1984 (drawing or threatening to use such weapon).

INSTRUCTIONS.—It is not error to refuse an instruction which has been substantially given in another form.

From the Henry Circuit Court.

—. *Brown* and *R. Warner*, for appellant.

*F. T. Hord*, Attorney General, *G. W. Duncan*, Prosecuting Attorney, and *W. B. Hord*, for the State.

NIBLACK, J.—Indictment against Lincoln Davidson for a violation of the provisions of section 1984, R. S. 1881.

The first count charged Davidson with having, on the 15th day of December, 1883, unlawfully drawn and threatened to use a pistol upon one Elden Thornburg.

The second count charged Davidson with having, on the same day, unlawfully threatened to use a pistol, which he already had and held in his hands, upon the said Thornburg.

A jury found Davidson guilty as charged in the second count of the indictment, assessing a fine against him of $25, and judgment followed upon the verdict.

After the evidence for the State was closed, Davidson, the defendant, produced a transcript from the docket of one Abraham Wrightman, a justice of the peace of Henry county, showing that, on the 19th day of December, 1883, one George M. Wright filed his affidavit before said justice, charging that on or about the 17th day of that month, at said county of Henry in this State, as affiant verily believed, Orliff Davidson did then and there unlawfully carry a dangerous and deadly weapon, to wit, a revolver, contrary to the form of the statute in such cases made and provided, and against the

peace and dignity of the State of Indiana; that the said Orliff Davidson was arrested upon that charge and fined the sum of $1 and adjudged to pay the costs of the prosecution against him. Wrightman testified that Orliff Davidson, the person named as defendant in the proceedings had as above before him, was also known as Lincoln Davidson, and was the same person who was the defendant in this cause, and that the two prosecutions grew out of, and were based upon, the same transaction.

The defendant then offered to read the transcript to the jury as evidence of a former conviction for the offence for which he was then on trial, but the court refused to permit him to read the transcript in evidence, and upon that refusal of the court a question was reserved upon the proceedings below.

As a bar to a subsequent prosecution, it is not necessary to the validity of a former conviction that it should have been had upon a formally sufficient charge. For such a purpose a former conviction resting upon a defective charge is sufficient. *Fritz* v. *State*, 40 Ind. 18; *State* v. *George*, 53 Ind. 434; *Greenwood* v. *State*, 64 Ind. 250.

But such a conviction must, nevertheless, be on some charge known to the law as a criminal offence, however defectively stated. 1 Bishop Crim. L., section 1021.

The affidavit filed before Justice Wrightman charged no criminal offence of any kind against Orliff Davidson. Section 1985, R. S. 1881, makes carrying a pistol concealed an offence. It also makes it a misdemeanor to carry a pistol openly with the intent, or avowed purpose, of injuring some other person. But neither that, nor any other section of the statute known to us, makes the simple carrying a pistol unlawful. In any event, there is a material difference between the two offences defined by section 1984, and those declared by section 1985, even conceding that the same pistol is used in every instance. Further conceding that the alleged conviction before Justice Wrightman was upon a sufficient affi-

davit under one of the provisions of section 1985, it does not follow that it would have been a bar to the prosecution of the cause now before us. The true test to determine whether the plea of former conviction, or former acquittal, is a good bar, is to decide whether the crimes, as charged, are so far distinct that the evidence which would sustain one would not sustain the other. If they are so distinct, there has been no former jeopardy. Moore Crim. L., section 280; 1 Bishop Crim. L., section 1052; State v. Elder, 65 Ind. 282; State v. Hattabaugh, 66 Ind. 223; Smith v. State, 85 Ind. 553. This test makes the essential difference between a case like this, and such cases as might arise under section 1985, palpably apparent. The court did not, consequently, err in excluding the transcript of the proceedings had before Justice Wrightman upon the affidavit of Wright.

A question is also made upon the sufficiency of the evidence to sustain the verdict. As we read it, the evidence did not make a strong case against the defendant. We might, indeed, with propriety say that the case is not a satisfactory one upon the evidence, but there was an amount of evidence tending in some degree to sustain the verdict too great for us to wholly disregard. We have, therefore, no sufficient cause for disturbing the verdict upon the evidence.

It is also claimed that the court erred in refusing to give certain instructions asked for by the defendant. But the same legal propositions contained in the instructions refused were embraced in a more condensed, but at the same time sufficiently elaborate form, in an instruction given by the court upon its own motion. No substantial injury was, in consequence, inflicted by the refusal of the court to give the instructions asked for by the defendant.

The judgment is affirmed, with costs.

Filed Jan. 6, 1885.