Shepler v. The State.

No.'14,208.

### SHEPLER v. THE STATE.

INTOXICATING LIQUOR.— *Unlawful Sale.*—*Indictment.*— *Omission of Formal Statutory Words.*—The omission of merely formal words, where enough is alleged to indicate the offence and the person charged, affords no cause for quashing an indictment.

SAME.—*Druggist.*—*Sale on Sunday Without Prescription.*—*Statute of Limitations.*—The prosecution of a druggist, under section 2099, R. S. 1881, for selling intoxicating liquor on Sunday, without a prescription from a physician, may be commenced within two years. The six months' limitation provided by section 1594, with respect to desecrations of the Sabbath, is not applicable.

SAME.—*Trial Under Bad Indictment no Bar to Another Prosecution.*—A trial and acquittal under an indictment which does not charge a public offence, is not a bar to a prosecution for the same act under a sufficient indictment.

SAME.—*Sufficiency of Indictment Under Section 2099, R. S. 1881.*—An indictment against a druggist, under section 2099, R. S. 1881, for selling intoxicating liquor without a prescription, is bad if it fails to charge that the sale was made on some one of the prohibited days mentioned in such statute.

From the Wells Circuit Court.

*A. N. Martin*, for appellant.

*L. T. Michener*, Attorney General, *E. C. Vaughn*, Prosecuting Attorney, and *J. H. Gillett*, for the State.

NIBLACK, J.—This was a prosecution against a druggist for selling intoxicating liquor on Sunday without a prescription from a physician, in violation of the provisions of section 2099, R. S. 1881.

The indictment charged " that Frank Shepler, on the 6th day of June, in the year 1886, at and in the county of Wells, in the State of Indiana, did then and there unlawfully sell to James M. Waid certain intoxicating liquor, to wit, one-half pint of intoxicating liquor, at and for the price of twenty-five cents, the said 6th day of June being Sunday, and the said Frank Shepler being then and there a druggist, he, the said James M. Waid, not then and there having first procured a written prescription from some regular practicing physician of said county."

Upon a motion to quash, the indictment was held to be sufficient, and a jury found the defendant guilty as charged. Judgment followed upon the verdict.

Section 2099, referred to, is as follows: " It shall be unlawful for any druggist or druggist's clerk to sell, barter, or give away any spiritous, vinous, malt, or other intoxicating liquor on Sunday; or upon the fourth day of July, the first day of January, the twenty-fifth day of December (commonly called Christmas), thanksgiving day, or any legal holiday; or upon the day of any State, county, township, primary, or municipal election in the township, town, or city where the same may be holden; or between the hours of eleven o'clock P. M. and five o'clock A. M of any day, unless the person to whom the same is sold, bartered, or given shall have first procured a written prescription therefor from some regular practicing physician of the county where the same is so sold, bartered, or given away," for which a punishment appropriate to a misdemeanor is prescribed.

The objection made to the indictment was that the word " therefor " was omitted in its reference to Waid's failure to obtain a written prescription before purchasing the intoxicating liquor.

In describing a criminal offence in an indictment, it is safer to follow the language used in the statute which defines it, but this is not essential to the validity of the indictment. Equivalent words, or words conveying the same meaning, are sufficient. Moore Crim. Law, section 170, and authorities cited.

Certainty to a common intent only is required in the description of a criminal offence. R. S. 1881, section 1755; *Woodward* v. *State*, 103 Ind. 127.

The omission of merely formal words, where enough is alleged to indicate the offence, as well as the person charged, does not afford cause for quashing an indictment. R. S. 1881, section 1756; *Mullen* v. *State*, 96 Ind. 304; *Walter* v. *State*, 105 Ind. 589.

Having these general principles in view, the circuit court did not err in overruling the motion to quash the indictment.

The court instructed the jury, in effect, that the two years' statute of limitations applies to the offence charged in this case, and that hence, if the alleged sale was made on a Sunday at any time within two years before the indictment was returned, it was not barred by any statute of limitations.

Section 1594, R. S. 1881, provides that " Prosecutions for the desecration of the Sabbath-day must be commenced within six months after the commission of the offence."

It is claimed that the charge contained in the indictment before us constituted what amounted, in legal contemplation, only to a desecration of the Sabbath-day, and that, therefore, the limitation imposed by this last named section, instead of the two years' limitation, ought to have been applied. This claim has the merit of some plausibility, but is not, we believe, well founded.

Section 2099 is not designed to restrain druggists more on Sunday than on any of the other days specially named in it. It applies to a class of days, including Sundays, on which it is assumed that druggists ought not to be permitted to sell intoxicating liquor except upon the prescription of a physi-

cian. If the six months' statute of. limitations ought to be applied to an unlawful sale made by a druggist on Sunday, it should be made to apply to similar sales on any of the other days named in section 2099, and such an extended application will not, we presume, be insisted upon.

At the trial it was proposed, by proper preliminary questions addressed to Waid, the prosecuting witness, and by the offer of record evidence, to prove that Shepler had been previously indicted, tried and acquitted in the same court for the identical offence for which he was then on trial, but the circuit court refused to permit the evidence thus proposed to be introduced, on the ground that the indictment upon which the former trial was had did not charge a public offence.

The body of this last named indictment was in the following words: " The grand jurors for the county of Wells, and in the State of Indiana, upon their oath, charge and present that Frank Shepler, on the 11th day of July, 1886, at and in the county of Wells, in the State of Indiana, being then and there a druggist, did then and there unlawfully sell to James M. Waid certain intoxicating liquor, to wit, one-half pint 'of intoxicating liquor, at and for the price of twenty-five cents, he, the said James M. Waid, not then and there having first procured a written prescription from some regular practicing physician of said county."

As has been seen, it is only on Sunday, and certain other specified days, that the written prescription of a physician is required to authorize a druggist to sell intoxicating liquor. This indictment did not charge the alleged unlawful sale to have been made on any of these prohibited days. It is true that we know judicially that the 11th day of July, 1886, was Sunday, but that fact did not dispense with an averment that it was Sunday, or that the sale was made on Sunday. As the date stands in the indictment, proof might have been made of a sale on any day of the week, including any of the days specially named in section 2099, during the preceding two

years, while it was a criminal offence only to sell on the days thus specially named without a prescription from a physician.

The indictment offered in evidence as above did not charge any criminal offence known to our system of criminal jurisprudence. *Roy* v. *State*, 91 Ind. 417 ; *Barton* v. *State*, 99 Ind. 89.

This indictment would not, therefore, have supported a judgment of conviction if one had been rendered upon it. Under such circumstances, Shepler was liable to be again tried on a new and valid indictment. 1 Bishop Criminal Law, section 1021, *et seq. ;* Wharton Criminal Pleading and Practice, section 507 ; *Joy* v. *State*, 14 Ind. 139 ; *Fritz* v. *State*, 40 Ind. 18 ; *Maden* v. *Emmons*, 83 Ind. 331.

The judgment is affirmed, with costs.

Filed March 30, 1888.