Ford *v.* The State.

Filed Oct. 10, 1893.

———◆———

No. 963.

FORD *v.* THE STATE.

CRIMINAL LAW.—*Indictment.—Defective and Informal One.—Conviction and Judgment on.—Voidable.—Effect.*—Neither a conviction nor an acquittal, under an indictment which does not charge a public offense, is a bar to another prosecution for the same act; but when the indictment charges a public offense in a defective or informal manner, then a different rule prevails, and a conviction on such indictment, and judgment thereon, will protect the defendant from further prosecution for the same offense, while such judgment remains unreversed or in force, the judgment being voidable only, being rendered by a court having jurisdiction over the person and

subject-matter; while it stands it has the same effect as a valid one.

SAME.—*Evidence.—Record of Former Conviction.—Voidable Judgment.
—Admissibility.*—Where a defendant, in a criminal action, offers in evidence the record and proceedings of a former conviction for the same act, such record is admissible, unless the proceeding was void and not merely voidable, a voidable judgment having the same effect as a valid one, so long as the defendant elects to stand by it.

SAME.—*Indictment.—Omission of Venue.—Conviction.—Presumption.*— Where a venue is not laid in an indictment, and the defendant has pleaded guilty to the offense charged, or has gone to trial and been convicted thereon, it will be conclusively presumed that the evidence showed the offense to have been committed in the county of the justice's jurisdiction.

SAME.—*Assault and Battery.—Sufficiency of Charge.*—Where an indictment for assault and battery, omitting time and place, stated that A. "unlawfully and mischievously and maliciously, by insult, did then and there strike one B., by hitting him with a rock," such charge states a public offense.

From the Benton Circuit Court.

*M. H. Walker* and *G. H. Gray*, for appellant.

*A. G. Smith*, Attorney-General, *J. T. Brown*, Prosecuting Attorney, and *E. G. Hall*, for State.

LOTZ, J.—The appellant was tried and convicted, in the court below, on the charge of assault and battery, alleged to have been committed on the person of one Charles Finch.

The only assignment of error, properly made, is the overruling of the motion for a new trial.

On the trial of the cause before a jury, the appellant produced as a witness in his own behalf, one R. F. Newby, who testified that he was a justice of the peace in Bolivar township, in which the town of Templeton is situated, and had been such justice for the period of eight months. He then produced his docket containing the record of the case of the State of Indiana *v*. William

Ford. After properly identifying the docket and record, the original affidavit, warrant, subpœnas and all the papers and proceedings had therein, appellant offered the same in evidence. This evidence was objected to by the State; the court sustained the objection, and refused the proffered evidence. Appellant excepted to this ruling and assigned it as one of the causes for a new trial. The substantial portion of the record is in these words:

"State of Indiana ⎫
     *vs.*            ⎬ Wm.H.Coffman,prosecuting witness.
William Ford. ⎭

"State of Indiana *vs.* William Ford. Wm. H. Coffman swears that said William Ford, on the 21st day of November, 1892, at said county and State, unlawfully and mischievously and maliciously, by insult, did then and there strike one Charles Finch by hitting him with a rock, for false report, and at the time being Charles Finch drew a knife, a deadly weapon, on William Ford.

"WILLIAM H. COFFMAN, *Witness.*

"Subscribed and sworn to, this 25th day of November, 1892.                        R. F. NEWBY, *J. P.*

"For which I issued a State's warrant for the arrest of William Ford, and delivered the same to Wm. H. Coffman, special constable for service, who returned the same indorsed as follows, to wit: this day I arrested the the said William Ford and delivered him to the court. Dated this 25th day of November, 1892.

"WILLIAM H. COFFMAN, *Special Constable.*

"Hereupon I issued a summons for Charles Finch, the injured party, to appear before me at my office in Templeton forthwith, to testify in a case wherein the State of Indiana is plaintiff and William Ford is defendant, and delivered the same to Wm. H. Coffman, special constable for service, and make due return of this writ.

Served the summons by reading the same to him, dated this 25th day of November, 1892.

"WILLIAM H. COFFMAN, *Special Constable.*

\*    \*    \*    \*    \*    \*    \*    \*    \*

"Comes now the State of Indiana, plaintiff, and the defendant, William Ford, the complaint being read, defendant pleaded guilty to the complaint, for which the court adjudges his fine at six dollars, and four dollars and sixty cents costs.        E. F. NEWBY, *J. P.*"

This judgment was stayed by the defendant entering replevin bail.

The contention of the State is that this judgment is a nullity and was for that reason properly excluded. It is asserted that the affidavit upon which the judgment is founded does not charge a public offense: (1) because no county is named, and (2) no assault and battery is charged.

It is well settled that neither a conviction nor an acquittal under an indictment which does not charge a public offense, is a bar to another prosecution for the same act under a sufficient indictment. *Davidson* v. *State,* 99 Ind. 366; *Shepler* v. *State,* 114 Ind. 194.

The reason for this rule is that such judgment is a nullity, and may be ignored by both the State and the person charged.

When, however, the indictment charges a public offense, but does it in a defective or informal manner, then a very different rule prevails with reference to a subsequent prosecution for the same act. If the defendant have judgment of acquittal for some defect in the indictment, or if he have any judgment rendered against him reversed, he has not been in jeopardy, and is liable to be tried on a new and valid indictment for the same act. But if he be convicted on such an indictment, and the court enters judgment on such conviction, he will be pro-

tected while such judgment remains unreversed or in force, not because he has once been in jeopardy, but because an erroneous final judgment rendered by a tribunal, having jurisdiction over the person and subject-matter, is voidable only; while the judgment stands it is of the same effect as a valid one. If the defendant elects to abide by and perform such judgment, the State has obtained the same penalty as if the indictment had been perfect in every respect. *Fritz* v. *State*, 40 Ind. 18; *State* v. *George*, 53 Ind. 434.

If a defendant pays the penalty of an offense, under a judgment based upon a defective indictment, and is subsequently prosecuted for the same act, then he is placed twice in jeopardy. The appellant sought to show, by the judgment of the justice, that he was being prosecuted twice for the same offense. If this judgment is valid, or if it is simply erroneous or voidable, it was proper evidence to go to the jury. If it was void, a nullity, it was properly excluded. The affidavit filed before the justice was certainly defective for not stating the county in which the offense was committed, and would have fallen before a motion to quash. A public offense is an act committed or omitted in violation of a public law.

"The act done or omitted to be done is the vital element of a crime. Time, place, and attendant circumstances are usually mere incidents descriptive of the offense." *State* v. *Smith*, 7 Ind. App. 166, 34 N. E. Rep. 127.

An assault and battery may be committed at any place in the State. Locality is subordinate to the act. We may describe and form a complete idea of the act, without knowing the place. The venue laid in an indictment only serves to indicate that the offense was committed within the territorial jurisdiction of the court.

The justice had jurisdiction of the subject-matter, the assault and battery. Section 1637, R. S. 1881.

He had jurisdiction of the person of the defendant, by the service of the warrant and bringing him before the court. The defendant, the person most deeply concerned in the question of jurisdiction, entered his plea of guilty to the charge, and voluntarily submitted to the judgment of the court. Many defects in an indictment are cured by verdict or finding. If the evidence in the case proved that the assault and battery was committed in the county in which the justice was empowered to act, then his jurisdiction was complete, and the judgment valid. This court will conclusively presume, under the showing made, that the venue was proved to be in the county in which the justice's jurisdiction extended.

If the affidavit had stopped short, and only charged that the defendant struck Charles Finch with a rock, it would, perhaps, not charge an offense, for the striking might have been done accidentally or lawfully; but it does not stop here; it charges that the defendant unlawfully, mischievously, and maliciously, by insult, did strike by hitting with a rock. Malice indicates ill will and hatred, and insult means to treat with insolence and contumely. The irresistible inference that arises from the language used is that the defendant unlawfully touched the prosecuting witness in a rude, angry and insolent manner. *Sloan* v. *State*, 42 Ind. 570; *Knight* v. *State*, 84 Ind. 73; *Hays* v. *State*, 77 Ind. 450; *Henning* v. *State*, 106 Ind. 386.

The judgment and proceedings before the justice were not void. They were proper evidence to go to the jury, tending to show a former conviction for the same offense, and this was the purpose for which they were offered. The appellee asserts that this evidence shows a collusion on the part of the defendant and the person

who filed the affidavit, to prevent an adequate penalty from being inflicted. This is arguing the force of the proffered evidence before it is admitted. If this were true, it is not a good objection to the admissibility of the record. If there was such collusion, the State might have rebutted it.

The judgment is informal, but it contains all the essentials of a valid judgment, while it remains in force.

Judgment reversed, with instructions to sustain the motion for a new trial.

Ross, J., absent.

Filed Oct. 20, 1893.