## THE STATE v. GAPEN.

[No. 2,315.   Filed Dec, 18, 1896.   Rehearing denied, May 18, 1897.]

CRIMINAL LAW.—*Former Jeopardy.—Constitution Construed.*—The jeopardy prohibited in the provision of the State Constitution that, "No person shall be put in jeopardy twice for the same offense," is that which grows out of the same offense, not necessarily of the same act or transaction.

SAME.—*Sale of Intoxicating Liquors to Minor Without License.— Separate Offenses.— Statute Construed.*—A sale of intoxicating liquor without license, and to a minor constitutes two separate offenses under section 7285, Burns' R. S. 1894, and section 5323, Horner's R. S. 1896 (Acts 1895, p. 250, section 6), respectively, and a prosecution for the former offense will not constitute a bar to the latter, although both violations grew out of the same transaction.

From the Hancock Circuit Court.   *Reversed.*

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *Charles Downing,* for State.

*Raymond E. Gery* and *Poulson & McBane,* for appellee.

LOTZ, C. J.—Under the statute of this State it is a misdemeanor for any person to sell intoxicating liquors in quantities less than a quart at a time, when the seller has not procured a license to retail such liquors.   Section 7285, Burns' R. S. 1894 (5320, Horner's R. S. 1896).

It is also a misdemeanor for any person to sell intoxicating liquors to any person under the age of twenty-one years.   Section 5323, Horner's R. S. 1896 (Acts 1895, p. 250, section 6).

In the case at bar, the defendant, Loren Gapen, is charged with having unlawfully sold to one William Coberly one half pint of beer, he, Gapen, not then hav-

ing a license to sell intoxicating liquors in quantities less than a quart at a time.

To this charge the defendant filed a special plea in bar, alleging that on a prior day, the State prosecuted him in a court of competent jurisdiction for having sold intoxicating liquor to William Coberly, a minor; that issue was joined, a trial followed and he had judgment of acquittal; that the sale to the minor in that case, and the sale without a license in this, were one and the same act, transaction and offense.

The court below overruled a demurrer to this plea and this ruling is the error assigned.

It is provided by our State constitution that "No person shall be put in jeopardy twice for the same offense." The jeopardy here prohibited is that which grows out of the same offense not necessarily of the same act or transaction. The same act may constitute an offense under two or more jurisdictions; and it is well settled that jeopardy under one jurisdiction is no bar to jeopardy under another jurisdiction. It frequently occurs that the same act constitutes two or more offenses under the same jurisdiction, as for instance, a sale of intoxicating liquor on Sunday to a minor in a quantity less than a quart by a person not having a license will be a violation of three different statutes of this State, and constitute three distinct offenses.

In the case at bar the sale to the minor and the sale without a license were one and the same transaction. The same acts violated two statutes, and constitute two distinct offenses. The question presented by the record is, does the prosecution of one of the offenses to final judgment constitute a bar to a subsequent prosecution for the other offense? Or, in other words, is the defendant placed twice in jeopardy by the second prosecution?

There is confusion and conflict in the authorities bearing on this question.

In *Wininger* v. *State*, 13 Ind. 540, it was held that if an assault and battery was the *gravamen*, or principal act in a riot, a conviction of the assault and battery was a bar to a prosecution for riot. And in *Fritz* v. *State*, 40 Ind. 18, a conviction of an affray was held to be a bar to a subsequent prosecution for assault and battery growing out of the same transaction. It is also well settled that if the act constitutes but one offense although susceptible of division into parts, as in larceny for taking several articles of goods at the same time, the State will not be permitted to split up the offense, but final judgment for taking one part will bar a prosecution for taking the other part.

And if the same act constitute two or more offenses of the grade of felony, and the offenses are of the same character, as robbery and larceny, a final judgment rendered on one will bar the other. So, also, if the same transaction constitute two or more offenses and the offenses are similar in character, as an assault and battery, and an assault and battery with intent to commit a felony, the charge of the higher offense includes the lesser, and a judgment rendered on the higher will bar the lesser. *State* v. *Elder*, 65 Ind. 282. But where such offenses are charged in separate indictments a judgment rendered on the lesser, will not necessarily bar the higher offense. A misdemeanor may be merged into a felony, but not a felony into a misdemeanor. The reason for this is that the lesser charge cannot contain the greater, but the greater may, the lesser. *State* v. *Hattabough*, 66 Ind. 223.

It would seem that the spirit of the above holdings is, that a man shall not be placed twice in jeopardy for the same act under the same jurisdiction. But it will be observed that in the above cases the offenses which

The State *v.* Gapen.

spring out of the same act or transaction are of that character that grade or merge one into another, and that the one offense necessarily involves the whole transaction. Thus, in a charge of assault and battery and a charge of riot in which the assault and battery is the riotous act, there is an identity in many respects in the charges as well as in the proof necessary to secure a conviction. The same is true of an affray and of an assault and battery. The *gravamen*, or principal unlawful act in each is the same.

On the other hand there are many adjudications to the effect that if the two offenses growing out of the same transaction are severable and distinct, a judgment rendered on one will not bar a prosecution on the other. A sale of intoxicating liquors is not, *per se*, an unlawful act. It can only be made a crime by force of statute. A sale to a minor and a sale without license although the same sale are, so far as constituting two offenses, entirely distinct. A simple sale without more is not a violation of law. To make it unlawful it must be accompanied by the conditions which the statute requires to constitute the offense. Let it be admitted that the defendant made the sale to William Coberly. These facts standing alone do not constitute a crime. Something more must be charged as well as proved before he can be convicted of a criminal offense. It is not the sale alone that constitutes the offense, but it is the sale, coupled with other facts. In the one, it is the sale coupled with the fact that the vendor had no license. In the other, it is the sale coupled with the fact that it was made to a minor. The sale standing alone is an innocent act. It does not touch the sphere of culpability unless accompanied by other forbidden facts. It is the accompanying facts that make it unlawful. The accompanying fact in each instance is entirely distinct. There is no

connection between the fact that the vendor had no license, and the fact that the purchaser was a minor. Whilst it is true that there is an identity in the charges and in the evidence up to a certain point, yet up to that point the sale is an innocent transaction. It is only when the criminal character of the transaction is sought to be made that the two offenses diverge, in the charge, and in the evidence necessary to a conviction. The purposes of the two statutes are entirely dissimilar. The one is to raise revenue and protect those who have obtained license. The other is to guard the young against intemperance. The appellee is in error in assuming that the sale alone constitutes the criminal offense. In so far as the charges and the evidence are identical, the transaction is entirely innocent. The appellee might have been convicted, or acquitted of the charge of selling to a minor, and the fact he had no license be not even alluded to. The fact that he had no license was not an element in that offense. So on the other hand he might have been convicted or acquitted of the charge of selling without a license, and the age of the purchaser not have even been referred to, for his age is not an element of that offense.

We are of the opinion that the two offenses are entirely distinct, and that the defendant has not been twice in jeopardy.

The rule is stated in some of the cases to be as follows: The true test to determine whether the plea of former conviction or former acquittal is a good bar, is to decide whether the crimes as charged are so far distinct that the evidence which would sustain the one would not sustain the other. If they are so distinct, there has been no former jeopardy. *Davidson* v. *State,* 99 Ind. 366; *Smith* v. *State,* 85 Ind. 553; *State* v. *Elder, supra;* 1 Bishop Crim. Law, sec. 1052.

This rule, however, has met with criticism. *Blair* v. *State*, 81 Ga. 629, 7 S. E. 855.

We do not find it necessary to rest our judgment on this latter ground, for the unlawful and culpable facts in each offense are entirely distinct and dissimilar. We cite as supporting our conclusion, *Ruble* v. *State*, 51 Ark. 170, 10 S. W. 262.

Judgment reversed, with instructions to sustain the demurrer to the plea.

## ON PETITION FOR REHEARING.

COMSTOCK, C. J.—In passing upon the petition for rehearing in this case, in view of what is said in the original opinion delivered by Lotz, J., we deem it only necessary to add that, while the provision that no person shall be put in jeopardy twice for the same offense has been incorporated in the constitution of each state of the union, its application and interpretation has not been at all uniform throughout the states. In some instances, in the same state the decisions are confusing.

The expression of the Supreme Court of this State upon the question here involved in *State* v. *Elder*, 65 Ind. 282, has not been overruled. It was a prosecution for the murder of an unborn child, by the use of means intended to produce a miscarriage. To the indictment the defendant pleaded a special answer of former acquittal. In the opinion, the court deduces three rules from the authorities.

"1. When the facts constitute but one offense, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, belonging to the same person, a prosecution to final judgment for stealing a part of

the articles will be a bar to a subsequent prosecution for stealing any other part of the articles, stolen by the same act.

"2.   When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater—as an assault is involved in an assault and battery, or an assault and battery is involved in an assault and battery with intent to commit felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

"3.   But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

And, speaking by Biddle, J., the court says:   "We cannot adopt the rule held in some states, that the accused cannot, in any case, be convicted but once upon the same facts when they constitute different offenses, wherein the lesser offense is not involved in the greater, and when the facts charged in the second prosecution would not convict upon the former."

*State v. Elder* is cited in numerous cases, among them *DeHaven* v. *State,* 2 Ind. App. 376; *Smith* v. *State,* 85 Ind. 553; *Joslyn* v. *State,* 128 Ind. 160; *Davidson* v. *State,* 99 Ind. 366.

It is obvious that in the case at bar the proof necessary to convict of the offense charged in the second affidavit would have been wholly insufficient to convict of the offense charged in the first, and under the

rule laid down in the above cases the judgment of the lower court should be reversed.

The petition for a rehearing is overruled.