## STATE OF INDIANA v. ROSENBAUM.

[No. 3,057.   Filed November 3, 1899.]

INTOXICATING LIQUORS.—*Saloon.—Occupants During Unlawful Hours.*
—*Former Acquittal.*—A saloon-keeper who permits two or more
persons to enter his saloon during prohibited hours cannot be prose-
cuted for a separate offense as to each of such persons under §5323c
Horner 1897 making it unlawful for the proprietor of such place to
permit "any person or persons other than himself and family to
go into such room" during prohibited hours.

From the Jasper Circuit Court.   *Affirmed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C.
Hadley* and *A. E. Chizum,* for State.

*F. Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellee.

ROBINSON, J.—Appellee was indicted for permitting a
person named to be and remain in his place of business dur-
ing prohibited hours, contrary to the provisions of §3 of the
act of March 11, 1895 (Acts 1895 p. 248).

Appellee pleaded in abatement, setting up a former indict-
ment and acquittal, that the person named in the present
indictment as having been in the saloon was in company with
the person named in the former indictment, and that the acts
complained of in the present indictment are identical with
those complained of in the former indictment of which he
had been acquitted.   A demurrer to this plea was overruled,
and upon this ruling the appeal is based.

The question presented is, can the proprietor of a place
where liquors are sold, who permits two or more persons at
the same time to be in the room during prohibited hours,
be prosecuted for a separate offense as to each of such per-
sons?   The Attorney-General, in his brief, states that he is
of the opinion that the question must be answered in the
negative.

In *Smith* v. *State,* 85 Ind. 553, the court said:   "The
true test to determine the sufficiency or insufficiency of a plea

of former acquittal as a bar to the pending prosecution is this: Would the same evidence be necessary to secure a conviction in the pending, as in the former, prosecution? If it would be, then the plea of former acquittal would be a complete bar to the pending prosecution; otherwise, the plea would not be sufficient."

The case of *State* v. *Elder*, 65 Ind. 282, 32 Am. Rep. 69, states the following rule: "When the facts constitute but one offense, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, belonging to the same person, a prosecution to final judgment for stealing a part of the articles will be a bar to a subsequent prosecution for stealing any other part of the articles, stolen by the same act." See, also, *State* v. *Gapen*, 17 Ind. App. 524; *Davidson* v. *State*, 99 Ind. 366; *Fritz* v. *State*, 40 Ind. 18; *Wininger* v. *State*, 13 Ind. 540; *Brinkman* v. *State*, 57 Ind. 76.

The statute makes it unlawful for the proprietor to permit "any person or persons other than himself and family" to go into the room at prohibited times. In the case at bar the crime committed was permitting "persons other than himself to go into such room" during prohibited hours. It was a single offense which can not be split up and prosecuted in parts. "A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime." *Laupher* v. *State*, 14 Ind. 327. The appeal is not sustained.