## The State *v.* Bogard.

[No. 3,058.    Filed June 21, 1900.]

CRIMINAL LAW.—*Former Conviction.*—*Disturbing Public Meeting.*— An affidavit charging that on a certain day defendant "was found disturbing the peace in a certain public at Bethana Church in Greene county, State of Indiana, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana," does not state any criminal offense, and a conviction based thereon is no bar to a subsequent prosecution for disturbing a public meeting.

From the Greene Circuit Court. *Reversed.*

*W. L. Taylor,* Attorney-General, *C. D. Hunt, Merrill Moores* and *C. C. Hadley,* for State.

*A. G. Cavins, W. L. Cavins* and *C. E. Henderson,* for appellee.

ROBINSON, C. J.—Appellee was indicted under §2074 Burns 1894, for disturbing a meeting. He pleaded in bar a former conviction for the same offense. The only question

presented is whether the following affidavit charges a public offense. "State of Indiana Before me W. P. Barker a justice of the peace for said county one Harvey F. Ferguson who being duly sworn according to law deposeth and sayeth that on or about the 30th day of July 1898 Milton Bogard was found disturbing the peace in a certain public at Bethana church in Greene county and State of Indiana contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

A former conviction may be a bar to a subsequent prosecution although it was not had upon a formally sufficient charge. A defective charge may sustain a former conviction. *Fritz* v. *State,* 40 Ind. 18; *State* v. *George,* 53 Ind. 434; *Greenwood* v. *State,* 64 Ind. 250.

But the distinction must be kept in view between an affidavit which states a charge defectively, and an affidavit which does not state any charge. The affidavit in question does not state any criminal offense known to our system of criminal jurisprudence. It was attempted to be drawn under §2074 Burns 1894, but a reading of that section at once discloses that it does not in any way comply with the provisions of that section. The conclusion is stated that appellant was disturbing the peace at a certain time and place, but it is not shown what he was doing, whether any one else was present, whether his offensive conduct, if any, disturbed or molested any collection of any inhabitants of this State convened for any purpose mentioned, or for any lawful purpose. As the former conviction was not upon any charge known to the law as a criminal offense it can not be a bar to any subsequent prosecution. The judgment rendered by the justice was a nullity. *Davidson* v. *State,* 99 Ind. 366; *Shepler* v. *State,* 114 Ind. 194; *Ford* v. *State,* 7 Ind. App. 567.

The appeal is sustained.