NAHAS *v.* STATE OF INDIANA.

[No. 27,193. Filed June 2, 1939. Rehearing denied June 27, 1939.]

*Frank A. Rogers, P. C. Fergus,* and *Morris Feldnear,* for appellant.

*Omer S. Jackson,* Attorney General, and *Warren W. Martin,* Deputy Attorney General, for the State.

SHAKE, J.—Appellant was indicted of assault and battery. The caption of the charge read:

"State of Indiana, County of LaPorte, ss:
In the LaPORTE SUPERIOR COURT,
MAY TERM, 1938.
STATE OF INDIANA vs. GEORGE NAHAS, No. 1513.
INDICTMENT FOR ASSAULT AND BATTERY."

The body of the instrument recited, in the language of the statute (§10-403 Burns 1933, §2412 Baldwin's 1934), that on or about September 3, 1938, "one George Nahas, late of said county," committed an assault and battery on one Charles Skibo. There was no specific allegation fixing the situs of the offense.

The record affirmatively shows that the appellant was arrested on a bench warrant; that he appeared at the bar of the court in person and by counsel; that he entered a plea of not guilty, which was afterwards withdrawn; that he filed an affidavit for a change of venue from the judge, which was likewise withdrawn. The Superior Court of LaPorte County has jurisdiction in criminal cases by virtue of the statute creating that tribunal. §4-1204 Burns 1933, §1563 Baldwin's 1934. It follows that the court below had jurisdiction of the person and also of the subject-matter. *Ford* v. *State* (1893), 7 Ind. App. 567, 35 N. E. 34.

The appellant entered a plea of guilty to the charge, without testing the sufficiency of the indictment by motion to quash or otherwise. He was fined $25 and sentenced to be confined at the Indiana State Farm for a period of 90 days. There was no motion in arrest of judgment. It is assigned as error in this court that the indictment did not charge a public offense and did not state the offense charged with sufficient certainty.

An assignment of error to the effect that the facts stated in an indictment do not constitute a public offense raises no question on appeal. *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674. Nor can an indictment be challenged on the ground of uncertainty by an independent assignment of error. *Robinson* v. *State* (1916), 184 Ind. 208, 110 N. E. 980. The record therefore presents no question for review.

Judgment affirmed.

Tremain, J., absent.