## ROBINSON v. STATE OF INDIANA.

[No. 22,898. Filed January 6, 1916.]

1. CRIMINAL LAW.—*Indictment.*—*Sufficiency.*—*Initial Attack on Appeal.*—An independent assignment of error challenging the sufficiency of an indictment for the first time on appeal was never permitted to reach mere uncertainty or a defective statement of facts, and under §348 Burns 1914, Acts 1911 p. 415, §3, an indictment can not be questioned for the first time on appeal even for failure to aver an essential fact. p. 209.

2. APPEAL.—*Motion for New Trial.*—*Wavier.*—*Briefs.*—A specification in the motion for a new trial is waived on appeal by appellant's failure to state any proposition or point in his brief relating to it, as required by Rule 22, clause 5. p. 210.

3. HOMICIDE.—*Trial.*—*Evidence.*—*Declaration of Decedent.*—*Admissibility as Part of Res Gestae.*—In a prosecution for homicide, testimony of decedent's widow, who was near by when he was shot and caught him as he was falling, to the effect that when she went to his rescue the first thing he said was "Mama, Kelley shot me," was properly admitted as a part of the *res gestae,* in view of the previous showing that accused was still on the scene, and apparently continued the assault after the statement was made by decedent. p. 210.

4. HOMICIDE.—*Appeal.*—*Review.*—*Harmless Error.*—*Admission of Evidence.*—The admission of the statement of decedent that the accused shot him, even if erroneous as not a part of the *res gestae,* could not work a reversal of the judgment of conviction, in view of the overwhelming evidence connecting accused with the homicide, and of which such statement was but a small part. p. 213.

5. HOMICIDE.—*Appeal.*—*Review.*—*Verdict.*—A verdict of guilty in a prosecution for murder will not be disturbed on the ground of insufficient evidence, where the record discloses both direct and circumstantial evidence which convincingly establishes the guilt of accused with little material conflict. p. 213.

From Criminal Court of Marion County (43,-788); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Kelley Robinson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*R. L. Brokenburr*, *F. B. Ransom* and *R. L. Bailey*, for appellant.

*Horace M. Kean*, Assistant Attorney-General, *Alvah J. Rucker*, *Leslie R. Naftzger*, *Omer S. Jackson*, *Michael A. Sweeney* and *Wilbur T. Gruber*, for the State.

Cox, J.—Appellant was charged by indictment in the trial court with murder in the first degree. His trial on this indictment resulted in a verdict of guilty as charged and the imposition of the death penalty. From a judgment on this verdict he has appealed and assigned errors as follows: "(1) That the indictment is not sufficient to sustain the judgment. (2) That the court erred in overruling the motion for a new trial."

The first alleged error is not available even if the incorrect and informal phraseology of the assignment be ignored. The indictment returned March 29, 1915, averred in formal language that appellant shot and mortally wounded John Roe with a revolver loaded with gunpowder and a leaden ball on December 20, 1914, "of which mortal wounds the aforesaid John Roe then and there sickened and languished and thereafter, on the 16th day of January, in the county aforesaid, died". No motion to quash the indictment was

made. The objection to the indictment, made now for the first time, is that it does not with certainty and definiteness aver the death of Roe at a time prior to the return of the indictment. If it were permissible to urge this objection for the first time on appeal it manifestly would be so frivolous as to warrant no further consideration than the denial of it. But an independent assignment of error challenging the sufficiency of an indictment on appeal for the first time has never been permitted to reach mere uncertainty or a defective statement of facts. When the practice of assailing an indictment for the first time by assignment of error in this court was recognized, the indictment would succumb to the assault only when it wholly failed to aver some fact essential to the offense sought to be charged. But since §3 of the act approved March 4, 1911 (Acts 1911 p. 415, §348 Burns 1914), took effect the right to question the sufficiency of the indictment for the first time even on the latter grounds by an assignment of error on appeal has not existed. *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117.

Appellant's motion for a new trial stated and relied on as causes the insufficiency of the evidence in fact and in law to sustain the verdict, that the court erred in admitting over appellant's objection certain testimony offered by the State and the discovery of certain alleged new evidence. The cause 2. for a new trial last stated is not urged in this court in any way but is waived by wholly failing to state any proposition or point in appellant's brief relating to it as required by the rules of this court. Rule 22, clause 5.

It is essential to an understanding of the question raised by the second cause for a new trial to 3. state in substance some of the testimony preceding that which is made the basis for it.

The widow of Roe was a witness for the State. She testified that she and her deceased husband lived on a farm a short distance north of Indianapolis. At the back of their house was the kitchen and the outside door of this room led to a porch inclosed with wire screen and a screen door through which there was access to the back yard. At the close of doing her kitchen work she had, about six o'clock of December 20, 1914, gone out from the kitchen to the yard to feed the family dog. When this was done and she was near the step of the porch door, she saw appellant, who had worked for a neighbor farmer and whom she knew. Appellant told her he wanted to see Mr. Roe and she said "All right," and went in and told her husband, who went out and said "Good evening, Kelley" to which appellant answered "Good evening, Mr. Roe." Thereupon appellant asked her husband for some money and the latter said he had paid the "last change" he had to a man in his employ. Appellant responded, "You have got money," and then she heard a shot fired and her husband say, "Kelley, why did you do that?" During this time appellant had been just without the porch, her husband on the porch and she just inside the door in the kitchen in which a light was burning. When the shot was fired she rushed out on the porch and caught her husband as he was staggering to the door. She helped him into the kitchen and just as she got him inside appellant came in on the porch and to the kitchen door which he tried to force open but which had been bolted by her husband as she held him. He turned the knob and tried to force the door, and at that time she saw him through the glass which was a part of the door. When she got her husband inside the house she said to him, "Where are you shot? Where did he shoot you?" and he answered "Right

there". She called neighbors and doctors by telephone. Appellant was brought to the house between eleven and twelve o'clock the same night by city detectives and taken into the presence of her husband, who in the presence of appellant stated what had occurred between them substantially as she had stated it and that appellant had shot him. After Mrs. Roe had testified in substance as detailed the following question was put to her: "Directing your attention back to the time that your husband was shot and you went out onto the porch as you have testified, what was it you heard your husband say, if anything? What did he say the first thing you went out there?" To this question objection was made by one of appellant's attorneys on the ground that it was not part of the *res gestae* but hearsay evidence. The objection was overruled and the witness answered, "He said, 'Mama, Kelley shot me.' " This is the basis for the second cause for which a new trial was asked and for which it is now claimed this court should reverse the judgment and command a new trial. The claim can not be sustained. The evidence falls clearly within the rule permitting declarations which are a part of the *res gestae* to be given in evidence. From what the witness had testified to, preceding this question, it is patent that the occurrence in which was involved the mortal wounding of Roe was not at an end. Appellant was still on the scene and, apparently, after this statement was made by Roe, he continued the assault. It was clearly not a narrative of a past occurrence. The circumstances necessarily excluded the idea of design or deliberation on the part of Roe. *Green* v. *State* (1900), 154 Ind. 655, 57 N. E. 637, and cases cited; *Fort Wayne, etc., Traction Co.* v. *Roudebush* (1909), 173 Ind. 57, 63, 88 N. E. 676, 89 N. E. 369, and cases cited. Moreover had the ad-

mission of this testimony been erroneous as
4. claimed by counsel, it would not justify us in
reversing the judgment in view of the over-
whelming testimony in the record connecting ap-
pellant with the shooting of the decedent of which
that set out is but a small part.

In support of the first cause for a new trial coun-
sel have indicated in no way wherein the evidence is
insufficient to sustain the verdict but have
5. stopped with a general assertion of the fact.

We have given the question consideration,
however, and conclude that this cause for a new trial
is unsupported by the record. There is both direct
and circumstantial evidence which convincingly
establishes appellant's guilt with little material
conflict.

The record discloses a conviction after a fair trial
with no material error and the judgment is affirmed.

Morris, C. J., and Lairy, J., concur in the result.

NOTE.—Reported in 110 N. E. 980. As to indictment for homicide, see 3 Am. St. 279. See, also, under (1) 12 Cyc 811, 812; (2) 12 Cyc 886; (3) 21 Cyc 936; (4) 12 Cyc 921; 21 Cyc 1092; (5) 21 Cyc 1091.