CHANDLER *v.* STATE OF INDIANA.

[No. 13,635.   Filed May 9, 1929.]

*John T. Walterhouse* and *Thomas V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was charged with the offense of having intoxicating liquor in his possession, in violation of §4 of the act of 1925 (Acts 1925 p. 144, §2717 Burns 1926). Jury trial resulted in a conviction.

Overruling of appellant's motion for new trial is the only error properly assigned; and the only reasons for new trial presented are that the verdict is not sustained by sufficient evidence and that the court erred in overruling appellant's motion to quash search warrant and suppress the evidence.

It appears from the evidence that appellant's house and premises were searched by two police officers, each of whom testified on the trial as witnesses for the State, that, as a result of the search, they found under the porch of appellant's residence a bottle containing whisky, and three empty quart bottles in a coal shed fifteen or twenty feet from the residence. Appellant, as a witness in his own behalf, admitted that he had "some bottles in the coal shed," and admitted that the officers found the whisky under the porch of his dwelling, but denied that he put it there, stating that it was placed under his porch as a part of a "frame up." It is apparent that the members of the jury who saw appellant on the witness-stand and heard him testify did not believe his story. It is not the law, as assumed by appellant, that a conviction of one charged with a crime will not be affirmed on appeal where the evidence leaves some reasonable hypothesis of innocence. On the contrary, it is for the jury to decide what facts were proved by the evidence; and if the inference of guilt might fairly have been drawn from the evidence, it is the duty of the appellate tribunal to accept the finding of the jury as approved by the trial court in overruling motion for new trial, although other inferences might be drawn from the evidence. *Lee* v. *State* (1900), 156 Ind. 541,

60 N. E. 299; *Keith* v. *State* (1901), 157 Ind. 376, 61 N. E. 716. The verdict is sustained by sufficient evidence.

This court will not search the record to reverse the finding of the trial court in a criminal prosecution. It is assumed on appeal that all objections to the evidence and all exceptions to the rulings of the trial court as to the admission and rejection of evidence of which appellant complains are set forth in appellant's brief. It is the settled rule in this state that if appellant in his brief fails to point out in the record where alleged error of the court in the admission or rejection of evidence may be found, or to show any exception taken by him to the court's ruling thereon, no question in reference thereto is presented for review. *McCrocklin* v. *State* (1919), 189 Ind. 254, 126 N. E. 678, and cases there cited; *Robinson* v. *State* (1916), 184 Ind. 208, 110 N. E. 980. It follows that it will not be necessary to decide the question as to whether the trial court erred in overruling appellant's motion to quash the search warrant and suppress the evidence shown by the return thereon; for if appellant, on the trial, made no objection to the admission of the State's evidence which had been procured by the search, he thereby waived the error, if any, in the court's ruling on the motion to quash the search warrant and suppress the evidence shown by the return. As was correctly stated in *Robinson* v. *State* (1927), 94 Fla. 770, 114 So. 534: "Although the defendant, prior to his arraignment, interposed a motion to suppress certain evidence upon the ground that it was procured by means of an unlawful seizure, and although the defendant duly excepted to the order overruling that motion, he was not thereby relieved of the duty of objecting to the questioned evidence when it was offered on the trial of the issues if he desired to assign the admission of such evidence as error. The preliminary

interposition of such motion prior to the trial, and an exception to an adverse ruling thereon, is not tantamount to a proper and seasonable objection to the questioned evidence at the trial upon the issues. . . . The evidence taken upon the issues being sufficient to sustain the verdict, and the defendant having made no objection at the trial to the admission thereof, whether or not the trial court erred in overruling the motion to suppress becomes merely an academic question which, by reason of the defendant's waiver due to his failure to interpose seasonable objection at the trial, is no longer material." To the same effect, see *Dukes* v. *Commonwealth* (1922), 196 Ky. 60, 244 S. W. 74; *State* v. *Hartness* (1928), 147 Wash. 315, 265 Pac. 742; Cornelius, Search and Seizure §§10, 18 and 249.

No good purpose would be served by a further discussion of the question. We hold that since it does not appear that appellant interposed any objection to the evidence procured by the search of appellant's premises, the action of the court in overruling the motion to quash the search warrant and suppress the evidence, if error, was waived.

Affirmed.