MAURICE CANNON *v.* STATE OF INDIANA.

[No. 2-1073A236. Filed October 14, 1975.]

*Robert A. Brothers, Patrick J. Hadler, John C. Christ,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Maurice Cannon was charged with possession of dangerous drugs (Tuinal) in violation of the 1935 Narcotic Act, IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520 (Burns 1956), as amended by Acts 1961, ch. 90, § 2, p. 172-173.[1] He was convicted after trial by the court sitting with-

---

1. The 1935 Narcotics Act was repealed by Acts 1973, P.L. 335, § 6, and has been replaced by IC 1971, 35-24.1-1-1 through 35-24.1-6-1, Ind. Ann. Stat. § 10-3558 through 10-3566 (Burns Supp. 1974).

out a jury, and sentenced to serve 364 days on the Indiana State Farm and pay a fine of $1.00 plus costs. He alleges error at trial in overruling his Motion to Suppress Evidence and the subsequent admission of that evidence at trial. Additionally he asserts that the evidence was insufficient to demonstrate that he possessed or controlled the drugs in question.

The evidence most favorable to the State reveals that Police Officer James Bilbrey was told by his female informant that she was to meet Margaret Shackelford in a vacant apartment in the rear of 2220 North Central, Indianapolis, Indiana, to purchase illicit drugs from Shackelford. Shackelford had told the informant that "they" were leaving for the movies, and would be gone if she did not arrive within the next ten minutes. Officers Bilbrey, Flowers and Horn therefore went immediately to the rear of 2220 North Central without obtaining a warrant. All three officers testified that they looked through the window and saw Cannon and three women, including the informant, standing by the kitchen sink, on which were a hundred and eighty-four (184) capsules of Tuinal. Shackelford was counting them, while Cannon was leaning on the counter at arms length from the capsules. The officers then entered the apartment, arrested all present except the informant and seized the capsules.

Three issues are presented to the court for consideration:

1. The standing of appellant Cannon to challenge the legality of the seizure of the capsules;
2. Introduction of the Tuinal capsules into evidence at trial;
3. The sufficiency of the evidence to convict Cannon.

## APPELLANT HAD STANDING TO CHALLENGE THE SEIZURE

The State has taken the position before this court that Cannon has no standing to "object to search of premises not

owned or held by him",[2] citing *Edmenster* v. *State* (1929), 89 Ind. App. 91, 165 N.E. 769, *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N.E. 849, 147 N.E. 918, and *Speybroeck* v. *State* (1926), 198 Ind. 683, 154 N.E. 1. While these cases do indeed support the State's position, more recent cases have vitiated their authority. Standing may exist not only by reason of a possessory interest in the premises in which the seizure takes place, but also by reason of the seized items themselves if possession of the seized items is the basis of, or an essential element of, the offense. *Jones* v. *United States* (1960), 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790; *Lewis* v. *State* (1975), 165 Ind. App. 267, 332 N.E.2d 107.

## APPELLANT HAS WAIVED OBJECTION TO INTRODUCTION INTO EVIDENCE OF THE SEIZED TUINAL

Cannon asserts on appeal that the trial court erred in overruling his motion to suppress evidence because the officers' entry was forcible, and hence contrary to the United States and Indiana constitutions. Although Cannon had standing to contest the validity of the seizure, any error in overruling the motion to suppress was waived when Cannon's attorney failed to object on that basis when the evidence was offered at trial. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Chandler* v. *State* (1929), 89 Ind. App. 304, 166 N.E. 289. Cannon's attorney made no objection to the offer at trial upon grounds that the

---

2. Cannon does not assert that the police were in a place where they had no right to be, when they observed the described activities. It is unnecessary therefore to consider whether the officers' observation through the window at the rear of the uninhabited apartment constituted a "search". *See Katz* v. *U.S.* (1967), 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 564; *U.S.* v. *Conner* (1973 7th Cir.), 478 F.2d 1320; *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N.E.2d 413; *Lindsey* v. *State* (1965), 246 Ind. 431, 204 N.E.2d 357; *Johnson* v. *State* (1973), 157 Ind. App. 105, 299 N.E.2d 194; 8 Valpo. L. Rev. 471 at 477-486 492-493, 574-582. *But compare Ludlow* v. *State* (1974), 262 Ind. 266, 314 N.E.2d 750; *State* v. *Porter* (1975), 163 Ind. App. 509, 324 N.E.2d 857.

seizure was constitutionally defective, but rather objected that the state had failed to prove chain-of-custody. That objection was eventually overruled. Although Cannon alleged error on that ruling in his motion to correct errors, it was not argued in his brief on appeal and therefore is deemed waived. Ind. Rules of Procedure, AP. 8.3 (A).

## THE EVIDENCE SUSTAINS THE CONCLUSION THAT APPELLANT WAS IN POSSESSION OF THE TUINAL

The evidence is not sufficient to support an inference that Cannon ever had actual possession of any of the Tuinal capsules, but it is sufficient to sustain the inference that he was in constructive possession of the drugs.

In *Ledcke* v. *State* (1973), 260 Ind. 382, 296 N.E.2d 412, an appellant's conviction of possession of marijuana was upheld even though the house in which he was present was not his residence and he was not in actual possession of any of the marijuana found therein. The court there said:

> "It is clear from this evidence that marijuana was being processed in the house at the time the police entered and extremely large quantities were spread over the floor. Marijuana was being dried in the oven and heavy smoke was found throughout the house. Appellant was found alone in the room where one of the large bags of marijuana was found, and was attempting to flee when apprehended. From these facts the jury was warranted in finding that the appellant was working in concert with the other three persons in the 'manufacture' of marijuana. The statute in force at the time read in part:
>
> > 'It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, compound or use any narcotic drug. . . .' Ind. Ann. Stat. § 10-3520.
>
> Although appellant was charged with possession and not 'manufacture', it would be impossible to 'manufacture' the marijuana without at least constructively possessing the

marijuana as well. Chief Justice Arterburn has held that one cannot sell narcotics without at least constructively possessing them. *See Thompson* v. *State* (1972), [259] Ind. [587], 290 N.E.2d 724. The case of sale and the case of manufacture are analogous.

It is *possible* in a situation such as the one we have before us that the appellant was merely present on the premises and committed no wrongdoing. However, the activity was so obvious that the jury was entitled to infer that the appellant was involved. The State therefore established a *prima facie* case from which the jury could find the appellant guilty.

\* \* \*

"We must reiterate that presence does not compel a conviction, but is simply one of the factors to consider. However, in a manufacturing type setting it is enough to present a *prima facie* case, and if other circumstances and evidence do not provide an explanation for the presence, it is sufficient to support a conviction. It does 'no more than "accord to the evidence, if unexplained, its natural probative force." ' [*United States* v. *Gainey* (1965), 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658] 380 U.S. at 71, 85 S.Ct. at 759. Guided by these principles, we find the evidence in the case at bar sufficient to support the conviction." 296 N.E.2d at 416-418.

There is little, if any, significant difference, so far as circumstantial evidence of constructive possession is concerned, between the mere presence in *Ledcke, supra,* while marijuana was being "manufactured" and the mere presence here of Cannon while Tuinal capsules were being "counted". This is not a case where an unknowing person happens to be in a premises where there are drugs. Here, the apartment was vacant, and it could quite reasonably be inferred that Cannon's sole purpose in being there was related to the activity the officers observed. Moreover, Cannon was actually watching the counting, and was only an arms length away. He also attempted to flee. The essential test is that the evidence be sufficient to disclose that the activity (be it manufacturing or counting) is so obvious to the accused that to infer that he is involved in it is but to accord to the evidence

its natural probative force. The evidence here meets that test.

The judgment is confirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 335 N.E.2d 229.