Daniel G. **RUMPLE**, Appellant (Defendant),

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 27A02–8712–CR–521.

Court of Appeals of Indiana,
Second District.

Oct. 26, 1988.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-defendant Daniel G. Rumple (Rumple) appeals from his conviction by the court of possession of marijuana in an amount less than 30 grams, a class A misdemeanor,[1] asserting that there was insufficient evidence to support the conviction, and that the trial court erred in ordering him to pay restitution.

We affirm the conviction but remand for correction of the sentence.

On November 15, 1985, David Stephenson (Stephenson), of the Marion Police Department, while working undercover, met Ken Coleman (Coleman) at a pool hall in Montpelier, Indiana. Coleman and Stephenson drove around in an undercover vehicle, and Stephenson asked Coleman if he had any marijuana Stephenson could buy. Coleman responded that he did not have any, but knew where he could find some. Coleman directed Stephenson to Rumple's home in Grant County.

At that location, there was a house trailer with an unattached one-car garage. They pulled into the driveway of the house, and stopped approximately thirty feet away from the garage.

Coleman would not allow Stephenson to meet Rumple. Coleman alone got out of the car and went into the house trailer. Stephenson witnessed Coleman and Rumple go from the house trailer into the garage. Stephenson could see Coleman and Rumple through a window in the garage, and witnessed them standing face-to-face, approximately three feet apart, carrying on a conversation. His window view allowed Stephenson to see them from their shoulders up. Coleman then returned to the car, had a conversation with Stephenson, and then returned to the garage. Stephenson could again see Coleman and Rumple in the garage talking, after which Coleman returned to the car with a bag of marijuana. He told Stephenson how much the marijuana would cost. Stephenson handed the bag back to Coleman with $100.00, and told him he would purchase the bag.

Coleman again returned to the garage for about thirty seconds and Stephenson witnessed Coleman and Rumple standing close together, facing one another, and

---

1. Ind.Code 35–48–4–11 (1987).

talking. After thirty seconds, Coleman returned to the car and handed Stephenson the bag and $7.00 in change. Stephenson witnessed no other persons in the garage except for Coleman and Rumple during the time he was at the location in Grant County.

On August 27, 1987, Rumple was found guilty of possession of marijuana in an amount less than 30 grams and was found not guilty on a charge of dealing in marijuana. On September 23, 1987, Rumple was sentenced as follows:

"Court now sentences the defendant to the Grant County Jail for a term of One (1) year, which sentence the Court now suspends and places defendant on official probation for a period of Six (6) months on condition that he make one-half restitution of the buy money herein being one-half of $93.00...."

*Record* at 131.

### ISSUES

1. Was there sufficient evidence to sustain the conviction of possession of marijuana?
2. Did the trial court err in ordering Rumple to pay restitution in the amount of one-half of the buy money?

### DECISION

ISSUE ONE—Was there sufficient evidence to support the conviction?

PARTIES' CONTENTIONS—Rumple's argument is that there was insufficient evidence to show that he knowingly possessed marijuana, and that at most, the evidence shows his mere presence at the place where marijuana was possessed by another. The State responds that Rumple's presence at the scene of the crime combined with the circumstantial evidence and reasonable inferences therefrom was sufficient to show that Rumple knowingly possessed marijuana.

CONCLUSION—There was sufficient evidence to sustain the conviction.

A conviction for possession of marijuana may be based on constructive possession. *Smith v. State* (1987), Ind. App., 505 N.E.2d 81. Constructive possession is defined as the intent and capability to maintain control and dominion over the drugs. *Thomas v. State* (1973), 260 Ind. 1, 291 N.E.2d 557. The capability to exert control refers to the defendant's ability to reduce the substance to his personal possession or to direct its disposition or use. *Martin v. State* (1978), 175 Ind.App. 503, 372 N.E.2d 1194. When possession of the premises is not exclusive, the intent to possess the marijuana must be supported by circumstances pointing to the defendant's knowledge of the nature of the drug and its presence. *Fyock v. State* (1982), Ind., 436 N.E.2d 1089; *Smith, supra.*

Here, the evidence most favorable to the State showed that Rumple was seen with Coleman entering a garage next to Rumple's residence. Rumple and Coleman were the only two people seen in the garage. Stephenson witnessed Coleman and Rumple standing close to one another, facing each other, and talking. Coleman returned to the car with a bag of marijuana after speaking with Rumple. After Stephenson gave Coleman money for the marijuana, he returned to the garage, spoke to Rumple and returned with Stephenson's change. Coleman told Stephenson that he had no marijuana himself. From this set of facts, and from all reasonable inferences to be drawn therefrom, the trial court could reasonably reach the conclusion that Rumple had the capability to exercise control over the marijuana. The fact that Coleman had to return to the garage to speak with Rumple before obtaining the marijuana, combined with the fact that Rumple was seen in close proximity to Coleman in the garage, supports the inference that Rumple had knowledge of the nature of the marijuana and its presence. *See Thomas, supra; Cannon v. State* (1975), 166 Ind. App. 237, 335 N.E.2d 229.

Therefore, there was sufficient evidence of Rumple's constructive possession of the marijuana to support the trial court's judgment.

ISSUE TWO—Did the trial court err in ordering Rumple to pay restitution?

PARTIES' CONTENTIONS—Rumple asserts that the order by the trial court for Rumple to pay restitution for one-half of the buy money was an abuse of discretion because there was no "victim" of the crime of possession of marijuana. The State replies that Rumple waived the argument by failing to object at the time of sentencing and to include it in his motion to correct errors. On the merits, the State argues that the Indiana probation statute, which gives the trial court discretion to order restitution, should be given a liberal interpretation, with the word "victim" defined broadly in order to serve the purpose of restitution.

CONCLUSION—The trial court erred in ordering Rumple to pay restitution.

█ An error in sentencing may be raised at any time. *Hurst v. State* (1984), Ind.App., 464 N.E.2d 19. More specifically, the court in *People v. Evans* (1984), 122 Ill.App.3d 733, 78 Ill.Dec. 50, 461 N.E.2d 634 held that the issue of whether a trial court has exceeded its authority in ordering restitution may be raised for the first time on appeal because, if correct, the order is void. *Id.* Therefore, waiver does not apply.

As a condition of probation, the trial court may require a defendant to "[m]ake restitution or reparation to the victim of the crime for the damage or injury that was sustained." Ind.Code Ann. 35–38–2–2(a)(5) (West Supp.1988). Similarly, IC 35–50–5–3 (West Supp.1988) grants the trial court authority to order a person to make restitution to the victim of a crime as a sentence imposed for a felony or misdemeanor. Thus we must decide whether there was a "victim" of Rumple's crime of possession of marijuana.

█ Indiana case law offers some direction on this issue. A trial court is given broad discretion to impose conditions of probation which will produce a law abiding citizen and protect the public at the same time. *McCloud v. State* (1983), Ind.App., 452 N.E.2d 1053, *trans. denied.* In *McCloud,* this court concluded that the trial court did not err in ordering the defendant to pay restitution for the crime of con-

spiracy when the State established that the defendant committed theft in furtherance of the conspiracy. *Id.* In *Kingston v. State* (1985), Ind.App., 479 N.E.2d 1356, *trans. denied,* we also determined that the defendant could be ordered to pay restitution to the owners of parked cars and to the highway department after being convicted of leaving the scene of an accident. *Id.* In both of these cases, the court could point to incidents of property damage as a result of the defendants' criminal acts, enabling those who suffered the damage to be considered "victims."

A review of cases in other states is instructive. In *People v. Cera* (1983), Colo. App., 673 P.2d 807, the defendant was convicted of the sale of a narcotic drug and ordered to pay restitution to the Drug Enforcement Administration (DEA), which had furnished the money to the Denver undercover police officer who purchased the narcotics. The court found that there was a "victim" of the crime under a Colorado statute which defined "victim" as "the party immediately and directly aggrieved by a defendant who is convicted of a criminal act and who is granted probation...." COLO.REV.STAT. § 16–11–205.5(4) (1986). The court held that the trial court acted correctly in ordering restitution to the DEA because the property rights in the buy money belonged to the DEA, and also that it was appropriate for a governmental entity to be classified as a victim. *Id.*

In *People v. Evans, supra,* the court concluded that the trial court erred in ordering restitution to the Multi–County Drug Enforcement Group (MEG) after the defendant was convicted of unlawful delivery of a controlled substance. The court refused to afford a broad definition of the word "victim" so as to include a public drug enforcement agency. The court reasoned that the public monies expended were merely part of the agency's operating costs. *Id.*

█ In the present case, however, Rumple was convicted of *possession* of marijuana, and acquitted on the delivery charge. The trial court's order does not specify to

whom Rumple was to pay the restitution. Whether the trial court considered the victim to be the Marion Police Department or another law enforcement agency who supplied the buy money to Stephenson, or Stephenson himself, the mere possession of marijuana per se causes no damage or injury to anyone. Where is the "victim" contemplated by the statute?

Our decision is not to be construed as holding that a governmental entity could never be a "victim" of a crime, but the lack of evidence in this case to support a finding that any party was a victim necessarily means the trial court's restitution order was in error. *See People v. Canseco* (1984), Colo.App., 689 P.2d 673; *People v. Catron* (1983), Colo.App., 678 P.2d 1; *People v. Winchell* (1986), 140 Ill.App.3d 244, 94 Ill.Dec. 621, 488 N.E.2d 620; *State v. O'Donnell* (1985), Me., 495 A.2d 798.

The conviction is affirmed, and this case remanded for resentencing.

SHIELDS, P.J., and ROBERTSON, J., concur.