Salvatore **DESANTIS**, Appellant (Defendant below),

v.

**STATE of Indiana**, Appellee (Plaintiff below).

No. 30S01–0210–CR–532.

Supreme Court of Indiana.

Oct. 29, 2002.

J.J. Paul, III, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott A. Kreider, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Salvatore Desantis appeals from a criminal conviction for driving after being suspended under the habitual traffic violator statutes. For more background, see our companion decision, *Groce v. State*, 778 N.E.2d 785 (Ind. 2002), also decided today.

On October 7, 1994, the Bureau of Motor Vehicles ("BMV") sent Desantis a letter informing him that he was a habitual traffic violator ("HTV") and that his license would be suspended effective November 17, 1994. On November 30, 1995, the BMV sent Desantis a letter outlining his right to judicial review of his license suspension. On November 19, 1999, Desantis was arrested for operating a vehicle while intoxicated ("OWI") and operating a motor vehicle after being adjudged an HTV. Desantis pled guilty to the OWI on November 20, 2000, and was tried by the court on the HTV charge. On January 5, 2001, the trial court convicted Desantis of operating a motor vehicle after being adjudged an HTV, and he was subsequently sentenced to one and one-half years in the Hancock County jail and suspension of his driver's license for life.

■ The Court of Appeals correctly affirmed the judgment of the trial court. *See DeSantis v. State*, 760 N.E.2d 641 (Ind.Ct.App.2001).

As outlined in our companion case, Desantis claims his HTV suspension is void *ab initio* given the BMV's failure to provide information of judicial review opportunities in the original suspension notice. Consequently, Desantis requests his subsequent conviction for driving while suspended as an HTV be reversed. Because we hold in the companion case decided today that the underlying HTV suspension is valid and not void *ab initio,* there are no grounds to reverse the present conviction.

*Conclusion*

We grant transfer pursuant to Indiana Appellate Rule 58(A), adopt the opinion of the Court of Appeals, and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.