**Richard LAKER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0611–CR–666.**

Court of Appeals of Indiana.

July 16, 2007.

Taffanee L. Keys, Marion County Public Defender, Indianapolis, IN, attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, attorneys for Appellee.

**OPINION**

ROBB, Judge.

### Case Summary and Issues

Following a bench trial, Richard Laker appeals his conviction for operating a vehicle while an habitual traffic violator ("HTV") and the trial court's order that he pay restitution. Laker raises two issues, which we restate as whether sufficient evidence supports his conviction and whether the trial court abused its discretion in ordering Laker to pay restitution without determining his ability to pay. Concluding that sufficient evidence exists, we affirm Laker's conviction. However, we conclude that the trial court abused its discretion in ordering Laker to pay restitution without determining his ability to pay, and reverse the trial court's restitution order and remand for the trial court to make such a determination.

### Facts and Procedural History

On March 24, 2006, around 3:30 a.m., the car Laker was driving struck a vehicle driven by Dewayne Moss, who had rented the vehicle from ACE Rent A Car ("ACE"). Moss, who was not injured in the crash, exited his vehicle and saw Laker in the driver's seat of his vehicle, and another man, later identified as Marcus Allen, in the passenger's seat. Officer Chad Dailey, of the Indianapolis Police Department, arrived on the scene and saw Laker walking in the area. Laker told Officer Dailey that Allen had been driving. Officer Dailey obtained Laker's operator's license and copied information from the license onto a crash report. Officer Dailey ran Laker's information, discovered that Laker's license was suspended because of his status as an HTV,[1] and arrested Laker.

1. The BMV will determine a person to be an HTV if that person has accumulated a certain

The State charged Laker with operating a motor vehicle while an HTV, a Class D felony. At trial, Moss testified that he had seen Laker in the driver's seat immediately after the accident. Laker testified that Allen had been driving because Laker did not have a valid driver's license at that time. The State introduced a certified copy of Laker's BMV record indicating that his license was suspended because of his status as an HTV, a copy of the notice of suspension mailed to the address listed in the BMV's database, and a crash report with Laker's birth date and driver's license number, which Officer Dailey testified came from the license that Laker gave him. The trial court found Laker guilty of driving while an HTV and entered judgment of conviction.

At the sentencing hearing, the State introduced documentation assembled by Khoury Alternative Claims Management ("Khoury"), a claims management company acting on behalf of ACE, indicating that ACE lost $15,162.95 because of the damage to its vehicle. The trial court sentenced Laker to 730 days, 210 executed, with the rest suspended to probation, and ordered restitution in the amount of $15,162.95 to Khoury. Laker now appeals his conviction and the restitution order.

### Discussion and Decision

### I. Sufficiency of the Evidence

Our supreme court has recently summarized the standard of review when assessing claims of insufficient evidence.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder *could* find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146–47 (Ind.2007) (quotations and citations omitted) (emphasis in original).

"A person who operates a motor vehicle ... while the person's driving privileges are validly suspended under this [HTV] chapter ... and the person knows that the person's driving privileges are suspended ... commits a Class D felony." Ind.Code § 9–30–10–16(a). The statute also states: "Service by the bureau of notice of the suspension ... by first class mail to the person at the last address shown for the person in the bureau's records ... establishes a rebuttable presumption that the person knows that the person's driving privileges are suspended or restricted." Ind.Code § 9–30–10–16(b).

■ In *State v. Jackson*, 864 N.E.2d 431, 439 (Ind.Ct.App.2007), we held that this statute requires the State to prove "that the defendant had actual knowledge of his or her suspension based on his or her status as an HTV." Laker argues that insufficient evidence exists to prove this knowledge. We disagree.

---

number of traffic violations. The number of violations required depends on the violations'

severity. Ind.Code § 9–30–10–4.

Here, the State introduced evidence indicating that the BMV had mailed a notification of suspension to Laker at his last known address, according to the BMV's records. Such evidence establishes the rebuttable presumption that Laker knew of his HTV status. Ind.Code § 9–30–10–16(b); *Jackson*, 864 N.E.2d at 439. Further, Officer Dailey testified that he filled out a crash report and copied Laker's identifying information from a driver's license Laker gave to him. The information on this crash report, including Laker's date of birth and driver's license number, matches the information on the BMV driving record showing Laker's previous convictions and HTV status. Finally, Laker admitted to the judge that his license was suspended at the time of the accident.[2] "It is well-established that knowledge and intent may be inferred from the facts and circumstances of each case." *Lykins v. State*, 726 N.E.2d 1265, 1270 (Ind.Ct.App. 2000). This evidence introduced by the State constitutes sufficient evidence for a trier of fact to infer that Laker knew his license was suspended because of his HTV status.[3] *See Quarles v. State*, 763 N.E.2d 1020, 1023 (Ind.Ct.App.2002) ("Quarles's knowledge of his suspension may be inferred from the printout of his driving record introduced into evidence which shows that these suspension notices were mailed to his last known address."); *De-*

*Santis v. State*, 760 N.E.2d 641, 646 (Ind. Ct.App.2001), *aff'd*, 778 N.E.2d 787 (holding that copies of suspension notices mailed to defendant constitute sufficient evidence for the trier of fact to infer knowledge of the suspension).

We recognize that the State introduced similar evidence in *Jackson*, where we held that sufficient evidence existed to support the trial court's decision that the State had not proven knowledge. 864 N.E.2d at 439. However, *Jackson* is distinguishable from this case in two important aspects.

First, in *Jackson*, the trier of fact found the defendant not guilty. Under our standard of review, we would not have reversed the trial court unless its judgment "was unsupported by the evidence and reasonable inferences drawn therefrom." *Id.* We found that sufficient evidence supported the trial court's judgment and noted that although the State had presented sufficient evidence to satisfy the statutory presumption of knowledge, "the trier of fact is not compelled to find the presumed fact.... The jury is free to accept the presumption or not, just as it is free to do with other evidence." *Id.* Because the trial court was not required to accept the presumption, and because sufficient evidence existed to support the trial court's judgment that the defendant was not guilty, we affirmed. Here, on the other

2. Laker did not admit that he knew his license was suspended because he was an HTV. *See Jackson*, 864 N.E.2d at 435–36 (although defendant admitted that his license was suspended, statute requires State to prove that defendant knew his license was suspended because of his HTV status).

3. The State introduced evidence that it had mailed a notice of the HTV suspension to Laker's last address. Such a notice informed Laker not only that his driver's license was suspended, but also that his license was suspended *because of his HTV status*. Similarly, the rebuttable presumption of a defendant's

knowledge arises only when the BMV's service of the suspension notice is in compliance with Indiana Code section 9–30–10–5. Ind. Code § 9–30–10–16(b)(1). Under this statute, the BMV must inform the driver that his or her license is suspended "because the person is a[HTV]." Ind.Code § 9–30–10–5(a). If we presume that a defendant is aware that his or her license is suspended based on the mailing of this notice, we inherently must presume that the defendant is aware that he or she is suspended because of his or her HTV status, as the notice indicates this reason for suspension.

hand, the trial court found Laker guilty. Therefore, the issue in this case is not whether sufficient evidence was introduced to rebut the presumption of knowledge, as it was in *Jackson*, but instead is whether sufficient evidence exists to support a finding that Laker knew of his status as an HTV.[4] This distinction is important given the great deference appellate courts afford the trier of fact's factual determinations.

Second, the defendant in *Jackson* introduced evidence that he was not aware of his status as an HTV, including evidence that the defendant was no longer living at the address in the BMV's system, and testimony that the BMV instructs the post office to not forward HTV notifications. *Id.* Laker did not introduce such evidence, and therefore failed to rebut the statutory presumption that arose when the State introduced evidence that the BMV had mailed notice of Laker's suspension to his last known address.

We conclude that sufficient evidence exists to support a finding that Laker was driving while he knew his license was suspended because of his status as an HTV.

## II. Restitution Order

■ As a condition of Laker's probation,[5] the trial court ordered Laker to pay $15,162.95 to Khoury. The State argues that Laker has waived any complaint he has regarding this order as he did not object to it at the time it was entered. However, "the issue of whether a trial court has exceeded its authority in ordering restitution may be raised for the first time on appeal." *Rumple v. State*, 529 N.E.2d 861, 864 (Ind.Ct.App.1988), *trans. denied* (citing *People v. Evans*, 122 Ill. App.3d 733, 78 Ill.Dec. 50, 461 N.E.2d 634 (1984)). "Because the trial court ordered restitution as part of [Laker's] sentence, we treat this question like any other claim that a trial court has violated its statutory authority in imposing sentence, which amounts to fundamental error, and which may be raised for the first time on appeal." *Green v. State*, 811 N.E.2d 874, 877 (Ind. Ct.App.2004). Laker has not waived this issue, and we will address the merits.

■ As a condition of probation, the trial court may order a defendant to:

> [m]ake restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

Ind.Code § 35–38–2–2.3(a)(5). Although this statute does not specify the manner in which a trial court must inquire into the defendant's ability to pay, the trial court must make such an inquiry. *Smith v. State*, 655 N.E.2d 133, 134 (Ind.Ct.App. 1995), *trans. denied.* The reason for requiring this inquiry is to ensure that a defendant is not imprisoned based on his

---

4. In *Jackson*, we specifically declined to address the question of whether sufficient evidence existed to support a conviction. 864 N.E.2d at 438.

5. We agree with the State that the record is not entirely clear as to whether the trial court ordered Laker to pay restitution as a condition of probation. However, on the Order of Probation, under "Monetary Obligations," the notation, "see order of conviction" appears next to "Restitution Order." Appellant's Ap-

pendix at 27. Therefore, we will assume that the trial court ordered restitution as a condition of probation. Had the trial court not made payment of restitution a condition of probation, and had merely entered a monetary judgment against Laker, the trial court would not have been required to make a finding regarding Laker's ability to pay. *Ladd v. State*, 710 N.E.2d 188, 192 (Ind.Ct.App. 1999) (noting that one cannot be imprisoned for failing to pay a money judgment).

or her inability to pay restitution. *Ladd,* 710 N.E.2d at 192. When making this inquiry, the trial court should consider factors such as the defendant's current financial status, health, and employment history. *Champlain v. State,* 717 N.E.2d 567, 570 (Ind.1999). Although the trial court could properly choose to hold a hearing on a defendant's ability to pay resitution, it is not required to do so, and may make a proper inquiry, depending on circumstances, by such actions as reviewing the pre-sentence report and questioning witnesses. *See Polen v. State,* 578 N.E.2d 755, 758–59 (Ind.Ct.App.1991), *trans. denied.*

Here, there is no indication that the trial court made any inquiry at all into Laker's ability to pay restitution. The trial court did question Laker regarding his financial situation in determining whether to appoint pauper appellate counsel, but this questioning came after the trial court had ordered restitution. We also note that the trial court found Laker indigent for the purposes of appeal and for fines and court costs.[6]

Because the trial court did not inquire into Laker's ability to pay, we must reverse its order for restitution, and remand with instructions that the trial court determine Laker's ability to pay. Although Laker did not raise the issue in his brief, we also note that the trial court must identify the manner and time frame in which Laker must pay this restitution.[7] Ind.Code § 35–38–2–2.3(a)(5) (indicating that the trial court shall fix the manner of performance); *Garrett v. State,* 680 N.E.2d 1, 3 (Ind.Ct.App.1997) (restitution order that did not fix the method of payment did not comply with Indiana Code section 35–38–2–2.3); *McGuire v. State,* 625 N.E.2d 1281, 1282 (Ind.Ct.App.1993) (trial court improperly ordered probation department to fix amount of restitution and manner of payment).

### Conclusion

We conclude that sufficient evidence supports .Laker's conviction, but that the trial court improperly failed to determine Laker's ability to pay before ordering him to pay restitution as a condition of his probation.

Affirmed in part, reversed in part, and remanded.

VAIDIK, J., concurs.

SULLIVAN, J., concurs in result.

---

6. The fact that the trial court found Laker indigent for these purposes does not inherently mean that the trial court would have abused its discretion in ordering restitution. *See Polen,* 578 N.E.2d at 759 (citing *Mitchell v. State,* 559 N.E.2d 313, 314–15 (Ind.Ct.App. 1990), *trans. denied).*

7. Although Laker does not raise these issues, because the issues may occur on remand, we point out that in order for restitution to be proper: 1) Khoury must be determined to be the victim of Laker's crime, driving while an HTV; and 2) Khoury must have suffered damages as a result of Laker's driving while an HTV. *See Utley v. State,* 699 N.E.2d 723, 729 (Ind.Ct.App.1998), *trans. denied* (where defendant was convicted of failure to stop at the scene of an accident, but found innocent of reckless homicide, the estate of a person who died in accident incurred no expenses based on defendant's failure to stop); *Rumple,* 529 N.E.2d at 864–65 (where party was convicted of possession of marijuana, but not guilty of dealing marijuana, there was no "victim" of defendant's crime, and order of restitution was improper).